FILED
CLERK, U.S. DISTRICT COURT

APR 14 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RS _____ DEPUTY

Victor Ruiz
FULL NAME

_____
COMMITTED NAME (if different)

C.M.C. State Prison P.O. BOX 8101
FULL ADDRESS INCLUDING NAME OF INSTITUTION

San Luis Obispo, CA 93409

AK1303
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Victor Ruiz

                                    PLAINTIFF,

v.

Burkhammer, et, al.,

                                    DEFENDANT(S).

CASE NUMBER **2:21-CV-03300-DSF-RAO**

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☑ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

---

**CIVIL RIGHTS COMPLAINT**

a. Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☑ Yes   ☐ No

   If your answer is no, explain why not _for claim(2) plaintiff filed 602 complaint but they deemed it_ _a disciplinary complaint and was not able to exhaust until disciplinary is adjudicate. however_ _statute of limitations are running out thats why plaintiff filed the lawsuit See: exhibit. A_

3. Is the grievance procedure completed?  ☐ Yes   ☑ No

   If your answer is no, explain why not _for claim(1) remedies were unavailble due to plaintiff_ _being in imminent danger of serious physical injury_

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff ___Victor Ruiz___
(print plaintiff's name)

who presently resides at ___P.O. BOX 8101 San Luis Obispo, CA 93409___,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
___CMC-State Prison, San Luis Obispo___
(institution/city where violation occurred)

on (date or dates) __5|9|19_____, ___10/21/19_____, _____.
                   (Claim I)            (Claim II)              (Claim III)

**NOTE:**     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant ___Stout_____ resides or works at
                (full name of first defendant)
     _California Mens Colony State Prison_____
     (full address of first defendant)
     _Correction Officer_____
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
_8th Amendment Violation failure to provide life necessities_
_breach of duty of care, deliberate indifference_

2.   Defendant ___BurKhammer_____ resides or works at
                (full name of first defendant)
     _California Mens Colony State Prison_____
     (full address of first defendant)
     _Correction Officer Sergeant_____
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
_1st Amendment Violation, retaliation for the exercise_
_of free speech_

3.   Defendant ___Mangapao_____ resides or works at
                (full name of first defendant)
     _California Mens Colony State Prison_____
     (full address of first defendant)
     _Correction Officer_____
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
_1st Amendment Violation, retaliation for the exercise of_
_free speech_

4.  Defendant _____ resides or works at
        (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
        (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

8th Amendment to U.S Constitution Breach of duty of care, and deprivation of life necessities.

The allegations contained in paragraphs(1) through(17)inclusive, are hereby incorporated by reference. Defendant wrongful actions alleged herein are in Violation of 42 U.S.C 1983 because they have deprived plaintiff of rights, benefits, and privileges Secured by the United States Constitution.

Defendant Knew or should have Known that his Conduct, attitudes and actions created an unreasonable risk of serious harm to plaintiff.

The actions and conduct of defendant demostrate deliberate indifference to plaintiffs Eighth Amendments right.

Supporting Facts:  Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. In early 2019 Plaintiff was having trouble receiving his breakfast it was being denied by Correctional Officer Stout do to the fact that the plaintiff had a history of Colon Cancer and had surgery which left him with Complications causing plaintiff to use the restroom more than the average person as a result plaintiff right to receive adequate meals was being denied.

2. Plaintiff was unable to arrive in a timely manner to the chowhall when his Building tier was release for morning breckfast.

3. This perpetual problem was occurring on a daily basis for a couple of months up to 4 times a week.

4. Plaintiff tried to explain to Officer Stout Meticulously about his medical Conditions to no avail. Officer Stout would

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**CIVIL RIGHTS COMPLAINT**

1   say repudiately "thats not my problem you take care of
2 your business on your own time," other times he would
3 say "I don't want to hear it"..or "Just grab your lunch and
4 go don't even think about getting any breakfast"..

5     5. However this never made sense, every time,
6 plaintiff was denied his breakfast multiple, inmates
7 were still dinning and the chowhall doors were still open
8 with plenty of food still available, plaintiff always
9 arrived early enough to receive his breakfast.

10     6. Not once, they denied his breakfast for arriving
11 extremely late, were all inmates are presumed fed and
12 food ran out nor did he ever arrive to a empty
13 chowhall where they are no longer serving breakfast.

14     7. Specifically on 5/9/19 when plaintiff arrived to
15 the chowhall with two other inmates in front of him
16 Officer Stout asked the inmate ahead of plaintiff
17 "Why are you late," the inmate said "I was getting my
18 medication" Officer Stout let him proceed with his
19 breakfast and he asked the second inmate the same,
20 question and the second inmate said "I was getting
21 my medication".

22     8. When the second inmate finished answering
23 Officer Stout, plaintiff grab his breakfast and Officer
24 Stout looked at him hard and asked the plaintiff
25 "Why are you late" plaintiff said "I was using the
26 restroom" Officer Stout said "you are too late and thats
27 not an excuse for that reason you are unable to
28 receive a hot meal".

9. Plaintiff was perplexed do to the fact defendant Officer Stout had just allowed two inmates a head of him to received their breakfast and they arrived at the same time as plaintiff.

10. Plaintiff said "the chowhall is not closed and you still have anothere building to feed may I just please receive my breakfast and take it back to my cell" Officer Stout said "no", plaintiff said "they are still inmates dinning I have the breakfast in my hand already can you please just let me take it back to my cell" Officer Stout said "no" plaintiff tried to explain again to Officer Stout about his medical history and Officer Stout just interrupted him and did not let him finish explaining and said Vehemently "I don't care what you have to say put the tray down grab your lunch if you want and leave I am giving you a direct order you don't like it 602 it I don't care but your not getting your breakfast."

11. While plaintiff was reluctant and tried to plead to him once more but Officer Stout was adamant and said "no".

12. Plaintiff said to Officer Stout "you cannot denied my breakfast" Officer Stout said "I have the authority to denied inmates their breakfast plaintiff asked "where does law discussed you may denied inmates their breakfast" Officer Stout replied "somewhere in the Title 15 you look it up but your not getting your breakfast, like I said you don't like it 602 it

13. Plaintiff obey the orders and grab his lunch and left the chowhall, he would immediately initiated writing a 602 appeal staff complaint for his deliberate

indifference to harm Caused to him

14. Days later Officer Stout Called plaintiff out of his cell for an interview regarding the 602 Complaint he recently Submitted.

15. Officer Stout acknowledged and admitted to plaintiff what he was doing was wrong and futher stated he needed to rush and close the chowhall because he was needed somewhere else and he can legally denied inmates their breakfast but does not remember exactly where in the law book it stateis that.

16. However plaintiff knew he was lying because he let 2 inmates received their breakfast who were in front of him and another building needed to get fed and the denial of his breakfast happen on a daily basis.

17. Officer stout asked plaintiff to consider withdrawing his complaint, plaintiff refused to withdraw his complaint do to the seriousness harm Violations, once Officer Stout realized he failed to convince plaintiff to withdraw his Complaint he forward the Complaint to Sgt Burkhammer.

Page 5 (c)

Claim Two

1   1st Amendment Violation: Retaliation for the Exercise of
2   free speech.
3      The allegations contained in paragraphs (18) through (50)
4   inclusive, are hereby incorporated by reference. Defendants
5   violated plaintiff right to be free from retaliation
6   guaranteed to the plaintiff by the 1st Amendment of the
7   United States Constitution by his actions of intimidations,
8   abuse, harassment and other violations of law against plaintiff.
9      Defendants knew or should have known that this conduct,
10   attitudes and actions created an unreasonable risk of
11   serious harm to plaintiff.
12      An actual controversy exists between plaintiff and
13   defendant concerning their rights, privileges, and obligations.
14      Defendants acts were willful intentional, malicious, wanton
15   and despicable in conscious disregard of plaintiffs rights,
16   entitling plaintiff an award of exemplary damages.
17
18      Plaintiff Ruiz incorporates all facts previous stated and
19   futher Avers as follows:
20      18. On 5/20/19 plaintiff was summoned for a interview
21   regarding his 602 appeal staff complaint by Sergeant
22   Burkhammer.
23      19. Sergeant Burkhammer first word were "I am going to
24   denied your appeal because your not making sense and I
25   don't understand what you want," plaintiff said "It is self
26   explanatory what part you don't understand," Sergeant Burkhammer
27   said "look I know you have medical problems now, and Officer
28   Stout is aware of it as well, he won't denied your breakfast

Page 5 (d)

anymore so you need to withdraw your appeal okay."

20. Plaintiff said "So you just want me to withdraw my complaint and thats it like nothing never happen", Burkhammer said "yes".

21. Plaintiff soon realized that defendant Sergeant Burkhammer knew in fact Officer Stout had violated the law by denying plaintiff breakfast multiple times plaintiff also realized his concern and interest was only to get his complaint appeal withdrawn by all necessary means, if not this would be consider a misconduct by Officer Stout and would face disciplinary actions, So Sergeant Burkhammer became peevishly.

22. Plaintiff responded "no you need to grant my appeal for this matter won't reoccurred again and it will be on record as well, plus Officer Stout committed an unlawful act," after plaintiff responded he would see him getting angry and he became belligerent, Sergeant Burkhammer said "I've told you already he is not going to denied your meals anymore all you doing is pissing me off by making me do all this unnecessary work I have to write a long report and forward it to the captain and he has to approved it and he don't like it I have to rewrite it again and then I have to forward it to the warden do you understand what Im saying".

23. Plaintiff responded "i apologize for all the trouble, may you please grant my appeal or just handed over to the next higher official," Sgt Burkhammer said "What the fuck is your problem withdraw your appeal do you understand me!" plaintiff responded "I want to exhaust my administrative remedies

Page 5 (e)

by calling this problem to the attention of high-level Official so they can take whatever action is necessary to make sure it never happens again it is my U.S constitutional right after all.

24. Sergeant Burkhammer said "you have no rights what are you talking about your a fucken inmate" at this point Sgt Burkhammer failed to persuade plaintiff to withdraw his appeal so he was very angry and engaged with threating him virgorously "okay then you wanna be fucken petty i'll be petty Ima go to your cell right now and search it I am pretty sure I am going to find Something illegal".

25. Plaintiff said "go right ahead I have nothing illegal" Sgt Burkhammer responded "oh you better believe me I am going to make sure I find something and I will and your going away for a long time."

26. While plaintiff immediately perceived what he meant he made it very evident he is retaliating, he continued stating "this is what i will do for you and I should not be doing this bullshit for you I will write you a chrno for you explaining you have a medical condition but you are going to withdraw your 602 complaint! if not you already know what is going happen, is going to be real bad for you, your going to be on my radar I am going to fuck you over so bad your going to regret" and he pause for a moment to look at plaintiff eyes and continue saying " you should really withdraw it I don't want to see nothing happen to you".

27. As a result of his threats plaintiff was intimidated and dreadful of him and was coerced to withdraw his

1  complaint agaist his will about a week later Sgt.
2  Burkhammer called plaintiff to his office and provided
3  him with a chrono and said "don't you dare think about using
4  this chrono everyday because is not going to work and don't
5  let me find out you are trying to file 602's against C.O's again.
6  28. After his threats plaintiff always make sure to avoid
7  any contact with Sgt Burkhammer however it was inevitable.
8  29. In the course of May through October, 2019 on subsequent
9  occasions defendant Sgt Burkhammer verbally harrassed
10  plaintiff and reminded him of his threats for filing
11  complaints against C.O's and would say not to mention
12  to anybody nor report about his threats.
13  30. In late September or early October plaintiff stop to use
14  the restroom on the yard which is next to Sgt Burkhammer
15  office, Sgt Burkhammer walk in and saw plaintiff by himself
16  and order him to stand next to the wall and forced him to
17  submit to a strip search without probable cause and told
18  plaintiff he heard he has a jailhouse lawyer doing a lawsuit
19  and 602 on him and asked him "did you really think I was not
20  going to find out," plaintiff told Sgt Burkhammer he doesn't
21  know what he is talking about then Sgt Burkhammer out
22  of nowhere shoved plaintiff so hard against the wall
23  nearly causing him to fall, and punch plaintiff in the stomach
24  31. Defendant Burkhammer continue threatening plaintiff
25  by telling him his beatings and harassment will
26  continue until he withdraws any 602's or lawsuits he
27  has on him and said "I will beat you senseless you better make
28  all that disappear do not test my patience I will get you".

(see: attached plaintiff declaration in support of his imminent danger of serious physical injury hereto as exhibit B )

32. On October 21, 2019 a fight erupted in the middle of the yard plaintiff was listening to music with his CD player mean while the melee was taking place, plaintiff looked at the tower where Officer Mangayao is position. to see if he was looking at the fight and if he was going to initiate the alarm but he saw he was not paying attention he was looking at his computer which he is also incharged of turning on and off the phones with his computer.

33. Responding officers identified and placed in handcuffs all alleged suspects and removed them from the yard so they began to conduct a search for weapons including inmates per sgt Burkhammer orders.

34. Officer Self began to search plaintiff Sgt Burkhammer was clearing and intructing inmates to take it back to their assigned housing cells upon the completion of a inmate search note: plaintiff has been sitting for about 30 minutes since the fight first began and around this time all suspects have been identified and apprehended.

35. Plaintiff was very solicitous of his safety and very attentive and prudent of Sgt Burkhammer for being vindictive and his previous threats and prior harrassment the whole time he is waiting to be clear he never saw Sgt Burkhammer enter the building

36. Once Sgt Burkhammer saw plaintiff and realized who he was, he would immediately instruct Officer Self to place

Page 5(h)

plaintiff in handcuffs, plaintiff asked Sgt Burkhammer "why am I being place in handcuffs I did not do anything" and he acted like he did hear him and ignored him

36. Plaintiff then asked Officer Self "why am I being place in handcuffs I did not do anything wrong I was not involved at all" he said "Sgt Burkhammer told me to I don't know why all I am doing is following orders", plaintiff was the very last alleged suspect taken out of the yard and placed in a holding cell approximately 12:45 (see attached mens colony temporary holding cell log form hereto as exhibit C )

37. About 2 hours later plaintiff saw Officer Mangayao walked by and asked him if witness the melee he said "some of it", plaintiff asked him "you did not see me involve right", he said "no" and he kept walking.

38. Soon after, plaintiff saw Sgt Burkhammer talking with Officer Mangayao both of them staring at plaintiff then Officer Mangayao raised his right hand all the way to his neck and began making a cutthroat motion with his hand going back and forward revealing his liason with Sgt Burkhammer

39. Later plaintiff was served with (114) lock up orders and advised him he was being charged with attempted murder (see: attached administrative segregation unit placement notice hereto as exhibit D) and that it was going to be referred to the district attorney office for prosecution however upon further review the district attorney dismissed the charges(see: attached people motion to dismiss hereto as exhibit E )

Page 5 (i)

40. Upon receiving his (837) incident report plaintiff was made aware indeed in fact Sgt Burkhammer lied on the report along with Officer Mangayao

41. Based on information and belief plaintiff knew Sgt Burkhammer knew he could not Identify plaintiff as a participant or else it would be very obvious he is retaliating especially if he would be the only Officer Identifying plaintiff So instead he circumvented and conspire with Officer Mangayao by having him fabricate a false rule violation report

42. The (837) report revealed Officer Mangayao report being the only one conflicting (see: attached (837) incident report hereto as exhibit F) in addition where it states on page crime incident report part (A1) it states Sysnopsis: Responding Officer(s) O'Dell gave Birdsall, Chavez, Lopez, Ruiz and Contreras verbal orders to "get down" Contreras and Ruiz stopped there attack and ran towards Building one and attempted to gain entrance into Building one.

43. This is directly contradicting officer Mangayao report plaintiff Ruiz was allegedly Identified by one Officer only and Officer Mangayao never stated on his report plaintiff stopped his attack and ran towards Building one and attempted to gain entrance mean while the other suspect's continue there attack see: Mangayao report.

44. Another fact plaintiff alleged co-defended inmate Birdsall asked Officer Mangayao questions through his investigative employee and asked how is it that he is the only Officer that see's (5) inmates involved (see: attached Birdsall I.E. report hereto

Page 5 (j)

as exhibit (G)

45. Officer Mangayao stated "the tower has a better view of the yard thats how I saw all 5 inmates" however the assault tooked place in the middle of the yard there is no obstacles or buildings structure preventing any prison official to observe or view the middle of the yard (See exhibit (B37) report picture of the yard)

46. Inmate Birdsall proceeded asking the following question "you stated in your report that you heard a code one respond to A yard so that means other officers seen the incident before you did" Officer Mangayao answer "I saw the incident first thats why I called the code one response", Officer Mangayao directly contradicted himself and lied at the sametime.

47. Defendants took the aforemention actions in retaliation against Mr. Ruiz for his exercise of free speech and did so inviolation of his rights. This retaliation has caused substantial harm to plaintiff Ruiz.

48. These acts represent a pattern of events demonstrating intentional retaliation against plaintiff by defendants Burkhammer and Mangayao for filing grievances and civil rights and caused plaintiff to suffered deprivations, including:

1. The last opportunity to be considered for early parole because one must be free of disciplinary (A1) infractions for five years to be considered for early parole. Prior to this Mr. Ruiz was free of disciplinary (A1) infractions since the commencement of his prison term.

Page 5 (K)

II. He lost the privileges to be parole on his schedule release date, prior to this incident Mr. Ruiz had approximately ten months left to be release.

III. He lost the privileges and quality of life in his prison living conditions, and loss of the limited liberty enjoyed by prisoners, resulting from segregated confinement in that he was confined for 23 hours a day for over 500 plus days.

IV. He was deprived of most of his personal property as well the ability to work, attend educational and vocational programs, self-help rehabilitated programs to earn milestones, watchs television, associate with other prisoners.

V. He has lost the privilege to attend out door recreation in a congregate setting with the ability to engage in sports and other congregate recreational activities, atted meals with other prisoners, attend religious services.

VI. He lost all contact visiting privileges, phones restrictions were imposed as well.

49. This retaliatory conduct by the defendants has been personally devastating to Mr. Ruiz

50. The defendants are on notice that retaliation for exercise of first Amendment right is unconstitutional.

Page 5 (L)

## Verification

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at San Luis Obispo, dated this 1st day of April, 2021.

*Victor Ruiz*

Victor Ruiz AK1303

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

The Plaintiff prays this Honorable court grant the following relief:

a. Plaintiffs request an order declaring that the defendants have acted in violation of the United States Constitutions

b. Enter an injunction ordering defendants to:

1. A finding plaintiff was not involved and report was falsified.

2. Expunge the disciplinary charge or convictions described in this Complaint from the plaintiff institutional record.

c. Award compensatory damages in the following amount of $1,000,000

d. Award punitive damages in the following amount of $1,000,000

e. Grant the plaintiff such other relief as the Court may deem just and proper.

f. Trial by jury is hereby demanded on all claims alleged herein, and the parties are hereby given notice, pursuant to Fed. R. Civ. P. 38 (a)-(c).

4/1/21
(Date)

Victor Ruiz
(Signature of Plaintiff)

Exhibit: A

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

## Document Effective Communication

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: _____ Date Received: _____ |
|---|---|
| | Date Due: _____ |
| | Categories: _____ |

_This is the process to ask for help with a complaint._

Claimant Name: Ruiz, Victor  CDCR #: AK1303  Current Housing/Parole Unit: 4158

Institution/Facility/Parole Region: CMC

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

I hereby making a complaint against committee staff members J. sterkel and Correctional Officers; Sgt Burkhammer, and Mangayao, On 12/10/20 I appeared before committee in the process multiple Violation occurred violating my due process which keeps reoccurring in every committee hearing I attended specifically when I addressed staff members of committee and make them aware the charges against me are fraudulent and its a case of Retaliation which I can prove and they need to investigate my claim which is causing me irreparable harm but committee elected to ignored me like always this is a serious matter. I've been having this perpetual problem from committee for over a year now. I then requested to called a witness like I always do in every committee to attest on my behalf to refute these false allegations, J. sterkel vehemently and repudiately stated "you will have your chance to make your argument and called your witnesses at your (115) hearing not here". they've treated me irreverently my right to have a fair adequate hearing and the right to request witnesses are being violated per Title 15 (3340) (4)(B)(c). In addition Sgt Burkhammer and C/o Mangayao Violated code of conduct per Title 15, (3391)(a), (3004)(a)(b)(c), (3034).

DISTRIBUTION    Original: Claimant's File    Copies: DAI, DAPO, and Claimant

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

Sgt Burkhammer had been threatened me and was constantly reminding me of his threat for filing 602 against C/O's he'd eventually accomplished his threat and Retaliated against me. I saw C/O Mangayao talking to Sgt Burkhammer Conspiring against me and he'd acquiesced and wrote a fraudulent charge against me on behalf of Sgt Burkhammer I'm requesting an investigation this would give me an opportunity to refute the fictitious charges meticulously... futhermore, committee failed to state my statement which I stated above and why I disagreed with committee and I don't understand committee actions in Violation Per Title 15 (3375) (g) (1) (D). Lastly I'm requesting to reissued classification Committee ASAP. The purpose of the hearing is to: Improve the inmates Conditions of Confinement by reducing or removing a previously imposed restriction Per Title 15 (3375) (3) (C).

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _Victor Ruiz_    Date Signed: 12/30/20



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

Re:  Grievance Claims Decision Response

**Offender Name:**  RUIZ, VICTOR GERARDO                          **Date:**  02/27/2021

**CDC#:**  AK130

**Current Location:**  CMC-Facility B                          **Current Area/Bed:** B  004 1 - 158001L

Log #:  000000073771

Claim #: 001

**Institution/Parole Region of Origin:** California Men's Colony          **Facility/Parole District of Origin:** CMC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Classification                  **Sub-Category:**   Issue Arising from a UCC, ICC, or DRB that is NOS

### I. CLAIM

You claim your due process has been violated, as you were denied the ability to call witnesses during your classification hearing, or to have the charges against you investigated.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR, Title 15, Section 3340- Assistance to Inmates for Administrative Segregation Classification HearingsCCR, Title 15, Section 3481.1-Claimant's Ability to Grieve and to Appeal

#### B. DOCUMENTS CONSIDERED

CDCR Form 602-1 Log Number 73771Strategic Offender Management System (SOMS) digital fileRules Violation Report (RVR) Log Number 6924400 3005(d)(0)--[02]-Attempted Murder,  dated October 21, 2019Administrative Segregation Unit (ASU) Placement noticed dated, October 21, 2019

### III. REASONING AND DECISION

On October 21, 2019, you were placed in ASU pending Attempted Murder charges. On December 02, 2019, you elected to postpone your RVR hearing, pending the outcome of the District Attorney (DA) referral. Per CCR, Title 15, Section 3340(g)(1)(B), if the reason for an inmate's placement in administrative segregation is a serious disciplinary matter resulting in the issuance of a Rules Violation Report and/or a referral to the district attorney for criminal prosecution, the classification committee will assume the alleged misconduct or criminal activity to be factual as documented. In such cases, the services of an IE, witnesses or additional evidence shall be reserved for the disciplinary hearing, but denied for purposes of the initial ICC.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| B. Phillips [HBR002] | CDW (A) | 02/26/2021 |

**Claim #:  002**

**Institution/Parole Region of Origin:** California Men's Colony

**Facility/Parole District of Origin:** CMC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Discipline                    **Sub-Category:**  Serious Rules Violation Report

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at CMC-Facility B has received your claim

Your claim is being rejected by Office of Grievances for the reason(s) indicated below.

Your claims related to RVR Log Number 6924400 are anticipatory in nature and will be addressed during the Hearing related to the aforementioned RVR.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at CMC-Facility B.

**Decision: Rejected**

    (1.)    Your claim concerns an anticipated policy, decision, action, condition or omission by the Department or departmental staff, generally meaning the action has not happened yet. Once a decision or action has taken place and if you are still dissatisfied, you may file a new grievance.

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)                                                                                                          Page 1 of 2

| **STAFF USE ONLY** | Appeal #:_____   Date Received:_____ |
| | Date Due:_____ |
| | Categories:_____ |
| | Grievance #: 73771_____ |

**Claimant Name:**_____ **CDCR #:**_____

**Current Housing/Parole Unit:**_____ **Institution/Facility/Parole Region:**_____

☐ **There are no claims that can be appealed.**

☐ **The following claims cannot be appealed:**

**Claim #s:**
_____
_____
_____

*This is the process to appeal the decision made regarding a claim that is not listed above.*

**Claim #:**_____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

*I am dissatisfied with the response I was given because* This is a-STAFF COMPLAINT-against C.O Mangayao
and Sgt Burkhammer these officers committed an unlawful act and Violated my U.S Constitutional rights
Pursuant to the California Code of Regulations Title 15, Section (ccR)(3484)(a)(1)(2)(b)(c)(d)(e) under this regula-
tions I may file a staff Complaint... Im being deliberately misconstrue it is evident first level review
is imperceptible, or just being arbitrary capriciously... this is a strategy to Silence me, and not to refute
this concocted allegations and not to expose the truth... and to further protect these corrupted
officers I am emphasizing. a staff complaint it is imperative, you ratified my staff complaint to
prevent further irreparable harm this a case of retaliation cause by Sgt Burkhammer which led to
C.O Mangayao Trumped-up false report per Sgt Burkhammer orders for the sole purpose of retaliation. This
immoral... unethical... unprofessional... Misconduct is directly prohibited.

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have
the documents, identify them as best you can below:
Pursuant to the California Code of Regulations, Title 15, Section (ccR)(3484)(a)(1)(2)(b)(c)(d)(e), (3004)(a)(b)(c)
(3430) and by the Department Operations Manual code of conduct 33030.3.1 This level of Significance of
Misconduct should not be Undermine/disregarted Lastly per Title 15, Section (3340)(d)(4)(B)(c) inmates are
afforded to called witnesses for Committee, this right was denied by CC2 Sterkel at Committee
resulting in a policy Violation

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**Claim #:**_____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because*_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

_____
_____
_____
_____
_____
_____

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

**Claimant Signature:**_Victor Ruiz_

**Date Signed:** 3|7|21

**MAIL TO:**              Office of Appeals
          Department of Corrections and Rehabilitation
                    P.O. Box 942883
                    Sacramento, CA 95811

Exhibit: B

1  I, Victor Ruiz, Declare:

2      From May to October, 2019 that I was under imminent

3  danger of serious physical injury do to actions of Sgt.

4  Burkhammer that are cited in this Complaint, I was in

5  fear of retaliation for reporting to administration the

6  actions of Sgt Burkhammer I had a strong reason to

7  believe, due to Sgt Burkhammer threats and action I would

8  suffer beatings and possible death at hands of Sgt.

9  Burkhammer if I complained, I also have belief if

10  anything happen to me, it would be covered up, he is

11  clever at manipulating reports he has a lot of influ-

12  ence with Officers that would immediately acquiesce to

13  his demands, I have been assaulted before, I can't read or

14  write good so I would need help making a complaint my

15  tabe score is below 4.0 and I have to obtain a complaint

16  form from Officers or ask another to get it, this is how

17  Sgt Burkhammer was alerted, I refused to get it because it

18  will alert them and they (i.e.) snitches/c.i may alert them I

19  want to file a complaint, Sgt Burkhammer has a history of

20  doing negative things to inmates that he gets written up

21  for and nothing happens and he continues doing same things

22  to inmates, therefore I ask this court to allow my case to pro-

23  ceed and grant injuction without having to exhaust any admi-

24  nistrative remedies for claim one

25

26  I declare under penalty of perjury that the foregoing

27  is true and correct. Executed at San Luis Obispo on

28  April 1st, 2021                              Victor Ruiz

Exhibit: C

OP 1014        CALIFOR     MEN'S COLONY TEMPORARY HOLDIN    CELL LOG        ATTACHMENT A
                                                                           REVISED 4-11-17

DATE __10·21-19__                              HOLDING CELL # __P2__

INMATE __Ruiz__            CDCR NUMBER __AK1303__           CELL # __1238__

PLACEMENT ORDERED BY __E. Seif  Burkhammer__        __Seif__
                        (PRINT SUPERVISOR'S NAME)              (SIGNATURE)

REASON FOR PLACEMENT __Fight__            TIME PLACED IN HOLDING CELL __1245__

STAFF PLACING INMATE IN HOLDING CELL __E. Seif__        __Seif__
                                         (PRINT NAME)           (SIGNATURE)

                                    _____            _____
                                    (PRINT NAME)          (SIGNATURE)

HOLDING CELL SEARCHED BY      __E. Seif__                __Seif__
                                 (PRINT NAME)              (SIGNATURE)

RESULTS OF SEARCH __Neg__           ALT. CLOTHING ISSUED YES _____  NO _X_

1/W SUPERVISOR              2/W SUPERVISOR              3/W SUPERVISOR

_____  _____   __Burk__  _____   _____  _____
(PRINT NAME) (SIGNATURE)  (PRINT NAME) (SIGNATURE)  (PRINT NAME) (SIGNATURE)

THE INMATE WILL BE CHECKED _EVERY FIFTEEN MINUTES_. INMATES SHALL BE ALLOWED TO USE RESTROOM
FACILITIES, UPON REQUEST AT REASONABLE INTERVALS, IN KEEPING WITH SECURITY NEEDS.

| | TIME CHECKED | PRINT STAFF NAME | SIGNATURE | COMMENTS |
|---|---|---|---|---|
| 1 | 1300 | Seif | Seif | Standing |
| 2 | 1315 | Seif | Seif | Standing |
| 3 | 1330 | Seif | Seif | Standing |
| 4 | 1345 | Seif | Seif | Standing |
| 5 | 1800 | Seif | Seif | Standing |
| 6 | 1405 | Seif | Seif | Standing |
| 7 | 1415 | Seif | Seif | Standing / restroom |
| 8 | 1430 | Seif | Seif | Standing |
| 9 | 1445 | Seif | Seif | Standing |
| 10 | 1500 | Feringa | | Standing |
| 11 | 1515 | Feringa | | Standing |
| 12 | 1530 | Feringa | | Standing |
| 13 | 1545 | Feringa | | Standing |
| 14 | 1600 | Feringa | | Standing |

STAFF RELEASING INMATE FROM HOLDING CELL __E. Seif__            __Seif__
                                            (PRINT NAME)        (SIGNATURE)

TIME RELEASED FROM HOLDING CELL __1620__      TOTAL TIME IN HOLDING CELL __3 hrs. 35 mins.__

CONTINUOUS MONITORING FOR MENTAL HEALTH REASONS: YES _____  NO _X_

RELEASED TO: __E. Seif__                    __Seif__
                (PRINT NAME)                 (SIGNATURE)

COMMENTS ON INMATE'S BEHAVIOR/DISPOSITION __Calm__

SUPERVISOR'S SIGNATURE UPON RELEASE OF INMATE

__Sgt. Burkhammer__      _____        __SERGEANT__
  (PRINT NAME)            (SIGNATURE)         (TITLE)

MANAGER APPROVAL OF FOUR (4) HOUR LIMIT IS EXCEEDED

_____          _____          _____
(PRINT NAME)        (SIGNATURE)          (TITLE)

REASON FOR EXCEEDING LIMIT _____

OP 1044        CALIFOR.   MEN'S COLONY TEMPORARY HOLDIN   ELL LOG          ATTACHMENT A
                                                                          REVISED 4-11-17

DATE **10/21/19**                                    HOLDING CELL # **P1**

INMATE **Ruiz**                    CDCR NUMBER **AK1303**          CELL # **1238**

PLACEMENT ORDERED BY **Burkhammer**
                    (PRINT SUPERVISOR'S NAME)                      (SIGNATURE)

REASON FOR PLACEMENT **f160T**                    TIME PLACED IN HOLDING CELL **1245**

STAFF PLACING INMATE IN HOLDING CELL **E Self**
                              (PRINT NAME)                         (SIGNATURE)

                              (PRINT NAME)                         (SIGNATURE)

HOLDING CELL SEARCHED BY **E Self**
                    (PRINT NAME)                                   (SIGNATURE)

RESULTS OF SEARCH **Neg**                    ALT. CLOTHING ISSUED YES ___ NO **X**

1/W SUPERVISOR              2/W SUPERVISOR              3/W SUPERVISOR

(PRINT NAME)   (SIGNATURE)   **Sgt. Burkhammer**   (SIGNATURE)   (PRINT NAME)   (SIGNATURE)
                            (PRINT NAME)

THE INMATE WILL BE CHECKED *EVERY FIFTEEN MINUTES.* INMATES SHALL BE ALLOWED TO USE RESTROOM
FACILITIES, UPON REQUEST AT REASONABLE INTERVALS, IN KEEPING WITH SECURITY NEEDS.

| | TIME CHECKED | PRINT STAFF NAME | SIGNATURE | COMMENTS |
|---|---|---|---|---|
| 1 | 1615 | K Bringard | | Standing |
| 2 | 1620 | K Bringard | | Released from Holding Cell |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |

STAFF RELEASING INMATE FROM HOLDING CELL **E Self**
                                        (PRINT NAME)               (SIGNATURE)

TIME RELEASED FROM HOLDING CELL **1620**    TOTAL TIME IN HOLDING CELL **3 hours 35 min**

CONTINUOUS MONITORING FOR MENTAL HEALTH REASONS: YES ___ NO **X**

RELEASED TO: **E Self**
            (PRINT NAME)                                           (SIGNATURE)

COMMENTS ON INMATE'S BEHAVIOR/DISPOSITION **Calm**

SUPERVISOR'S SIGNATURE UPON RELEASE OF INMATE

**Sgt. Burkhammer**                                               **SERGEANT**
(PRINT NAME)                    (SIGNATURE)                        (TITLE)

MANAGER APPROVAL OF FOUR (4) HOUR LIMIT IS EXCEEDED

(PRINT NAME)                    (SIGNATURE)                        (TITLE)

REASON FOR EXCEEDING LIMIT ___

OP 1014        CALIFOR    MEN'S COLONY TEMPORARY HOLDIN    ELL LOG         ATTACHMENT A
                                                                          REVISED 4-11-17

DATE 10-21-11                                    HOLDING CELL # P1-P5

INMATE Contreras              CDCR NUMBER G 45675              CELL # 1109

PLACEMENT ORDERED BY Burkhammer
                          (PRINT SUPERVISOR'S NAME)                    (SIGNATURE)

REASON FOR PLACEMENT Fighting              TIME PLACED IN HOLDING CELL 1230

STAFF PLACING INMATE IN HOLDING CELL Baxstresser
                                        (PRINT NAME)                   (SIGNATURE)

                                        (PRINT NAME)                   (SIGNATURE)

HOLDING CELL SEARCHED BY Baxstresser
                           (PRINT NAME)                                (SIGNATURE)

RESULTS OF SEARCH Neg

                                        ALT. CLOTHING ISSUED YES ____ NO X

1/W SUPERVISOR              2/W SUPERVISOR                    3/W SUPERVISOR

(PRINT NAME)   (SIGNATURE)   Sgt. Burkhammer            (PRINT NAME)   (SIGNATURE)
                            (PRINT NAME)   (SIGNATURE)

THE INMATE WILL BE CHECKED *EVERY FIFTEEN MINUTES*. INMATES SHALL BE ALLOWED TO USE RESTROOM
FACILITIES, UPON REQUEST AT REASONABLE INTERVALS, IN KEEPING WITH SECURITY NEEDS.

| | TIME CHECKED | PRINT STAFF NAME | SIGNATURE | COMMENTS |
|---|---|---|---|---|
| 1 | 1230 | Baxstresser | | Inspected Holding cell |
| 2 | 1235 | Baxstresser | | Interview |
| 3 | 1245 | Baxstresser | | Placed in THC5 |
| 4 | 1300 | E Self | | Standing |
| 5 | 1315 | E Self | | Standing |
| 6 | 1330 | Self | | Standing |
| 7 | 1345 | Self | | Standing |
| 8 | 1400 | Self | | Standing |
| 9 | 1410 | Self | | Standing |
| 10 | 1415 | Self | | to Restroom |
| 11 | 1430 | Self | | Standing |
| 12 | 1432 | Self | | Standing |
| 13 | 1445 | Self | | Interviewed ISU |
| 14 | 1500 | Brinford | | returned to cell Standing |

STAFF RELEASING INMATE FROM HOLDING CELL M Baxstresser
                                            (PRINT NAME)              (SIGNATURE)

TIME RELEASED FROM HOLDING CELL 1555         TOTAL TIME IN HOLDING CELL 3 Hours 25 min

CONTINUOUS MONITORING FOR MENTAL HEALTH REASONS: YES ____ NO X

RELEASED TO: M Baxstresser
               (PRINT NAME)                                (SIGNATURE)

COMMENTS ON INMATE'S BEHAVIOR/DISPOSITION Calm

SUPERVISOR'S SIGNATURE UPON RELEASE OF INMATE

Sgt. Burkhammer                                              SERGEANT
(PRINT NAME)                 (SIGNATURE)                      (TITLE)

MANAGER APPROVAL OF FOUR (4) HOUR LIMIT IS EXCEEDED

(PRINT NAME)                 (SIGNATURE)                      (TITLE)

REASON FOR EXCEEDING LIMIT

OP 1014        CALIFOR'     MEN'S COLONY TEMPORARY HOLDIN' ELL LOG        ATTACHMENT A
                                                                          REVISED 4-11-17

DATE 10-21-19                                    HOLDING CELL # P-5

INMATE Contreras           CDCR NUMBER 645675        CELL # 1109

PLACEMENT ORDERED BY Burkhammer
                        (PRINT SUPERVISOR'S NAME)                    (SIGNATURE)

REASON FOR PLACEMENT Fighting              TIME PLACED IN HOLDING CELL 1230

STAFF PLACING INMATE IN HOLDING CELL BaxStresser
                                        (PRINT NAME)                 (SIGNATURE)

HOLDING CELL SEARCHED BY BaxStresser
                          (PRINT NAME)                              (SIGNATURE)

RESULTS OF SEARCH Neg                    ALT. CLOTHING ISSUED YES___ NO X

1/W SUPERVISOR            2/W SUPERVISOR            3/W SUPERVISOR

(PRINT NAME)  (SIGNATURE)  Sgt Burkhammer  (SIGNATURE)  (PRINT NAME)  (SIGNATURE)

THE INMATE WILL BE CHECKED *EVERY FIFTEEN MINUTES*. INMATES SHALL BE ALLOWED TO USE RESTROOM
FACILITIES, UPON REQUEST AT REASONABLE INTERVALS, IN KEEPING WITH SECURITY NEEDS.

| TIME CHECKED | PRINT STAFF NAME | SIGNATURE | COMMENTS |
|---|---|---|---|
| 1 1515 | KBringard | | Standing |
| 2 1570 | KBringard | | Standing |
| 3 1545 | KBringard | | Standing |
| 4 1555 | KBringard | | Released from Holding Cell |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |

STAFF RELEASING INMATE FROM HOLDING CELL M BaxStresser
                                          (PRINT NAME)              (SIGNATURE)

TIME RELEASED FROM HOLDING CELL 1555        TOTAL TIME IN HOLDING CELL 3 hours 25 min

CONTINUOUS MONITORING FOR MENTAL HEALTH REASONS: YES___ NO X

RELEASED TO: MBaxStresser
             (PRINT NAME)                   (SIGNATURE)

COMMENTS ON INMATE'S BEHAVIOR/DISPOSITION Calm

SUPERVISOR'S SIGNATURE UPON RELEASE OF INMATE

Sgt Burkhammer      (SIGNATURE)              SERGEANT
(PRINT NAME)                                 (TITLE)

MANAGER APPROVAL OF FOUR (4) HOUR LIMIT IS EXCEEDED

(PRINT NAME)        (SIGNATURE)              (TITLE)

REASON FOR EXCEEDING LIMIT

Exhibit: D



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>CMC-Facility A | INMATE'S NAME<br>RUIZ, VICTOR G. | CDC NUMBER<br>AK1303 |
|---|---|---|

## REASON(S) FOR PLACEMENT (PART A)

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☑ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY     ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On October 21, 2019, you are being removed from the California Men's Colony (CMC), general population (GP) housing and placed in Administration Segregation Unit (ASU). Circumstances of ASU placement are as follows:

On 10-21-19, on Facility A Yard, at approximately 1212 hours, you were identified as a participant or involved in the attempted murder of inmate MEJIA (BG0799). The circumstances may further indicate a possible STG nexus based upon MEJIA's prior housing in a Non-Designated Programming Facility (NDPF).

Therefore, in conjunction with a potential SHU-able RVR and based upon the totality of circumstances surrounding the above incident, it has been determined a possible enemy/safety concern may be present should you be released to CMC GP. As such, you will be retained in ASU pending subsequent appropriate RVR charge and investigation to include any STG nexus and or enemy safety concerns related to this incident.

A review of ERMS/SOMS/DECS reflects the following information:
Reading TABE score: 2.6 EC REQUIRED
MHSDS LOC: GP.
DDP: NDD LD: "unspecified"
DPP: N/A
Staff assistant assigned/not assigned based upon above.
Inmate requires assistive devices, rescue medication, eyeglasses, cane, ect. Which he will be required to have (or have access to) while housed in the Administrative Segregation Unit (ASU).
Circle one and describe the item(s), if applicable: _____
If yes, item description: ___ _____C-PAP
Inmate requires the following housing restrictions: _____

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT<br>10/21/2019 | SEGREGATION AUTHORITY'S PRINTED NAME<br>J. Curry | SIGNATURE<br>J. Curry | TITLE |
|---|---|---|---|

| DATE NOTICE SERVED<br>10/21/2019 | TIME SERVED<br>1515 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE<br>Carry. T | SIGNATURE | STAFF'S TITLE<br>LA |
|---|---|---|---|---|

| ☒ INMATE REFUSED TO SIGN<br>RtS | INMATE SIGNATURE<br>RtS | CDC NUMBER<br>AK1303 |
|---|---|---|

CDCR SOMS ISST180 - CDC NUMBER: AK1303 NAME: RUIZ, VICTOR G.     Page 1 of 4

Exhibit: E

1  DAN DOW
   DISTRICT ATTORNEY
2  STATE BAR # 237986
   COUNTY OF SAN LUIS OBISPO
3  COURTHOUSE ANNEX, 4TH FLOOR
   SAN LUIS OBISPO, CA  93408
4  TELEPHONE: (805) 781-5800

5  Attorney for the People of the State of California

6

7

8                    SUPERIOR COURT OF CALIFORNIA
                      COUNTY OF SAN LUIS OBISPO
9

10

11 THE PEOPLE OF THE STATE OF CALIFORNIA      | COURT CASE NO. 20F-02889-E&F
                                 Plaintiff,
12                                            |
   vs.                                        | PEOPLE'S MOTION TO DISMISS
13                                            |
   VICTOR GERARDO RUIZ
14                                            |
   AND                                        | Date: March 15, 2021
15                                            | Time: 8:30am
   LEONARD ALFRED CONTRERAS,                  | Dept: 8
16                                Defendant(s).

17        TO DEFENDANTS VICTOR RUIZ AND LEONARD CONTRERAS, AND THEIR

18 ASSIGNED ATTORNEYS (Paul Phillips and James Askew):

19        PLEASE TAKE NOTICE that the District Attorney moves the Court to dismiss the

20 within entitled case in the furtherance of justice for the reason(s) indicated below:

21        ☐Death of Defendant

22        ☐Death of Victim or necessary witness

23        ☐Running of the statute of limitations

24        ☐Arrest and conviction by other jurisdiction – In Custody

25        ☒Lack of evidence to convict. Specifically, there is insufficient evidence to prove

26 beyond a reasonable doubt that these two defendants were involved in the assault on Mr.

27 M. Mejia on October 21, 2019.

28        ☐Defendant incarcerated (VC §41500)

                              PAGE 1

Superior Court of California
County of San Luis Obispo
1050 Monterey St, Rm 222
San Luis Obispo California 93408

For Court Use Only

People Of The State Of California
vs.
Victor Gerardo Ruiz

### REMAND/RESERVATION ORDER

| | |
|---|---|
| Case No.: 20F-02889-E<br>Date: 3/15/2021 | Judicial Officer:  Judge Timothy S. Covello<br>Location: San Luis Obispo Department 7 |

| | |
|---|---|
| Agency: | CALIFORNIA MEN'S COLONY - AS LAW ENFORCEMENT AGENCY |
| Agency Case No: | 19100364 |
| MNID: | D000440923 |

CHARGES:

| false | Charge Not Filed On Complaint | Charge Not Filed on Complaint- DO NOT MODIFY |
|---|---|---|
| 001 | PC4501(B)-F-Assault By Prisoner-Great Bodily Injury | *Dism: PC1385-Furtherance of Justice |
| 001 | PC12022.7(A)-ENHANCEMENT-Inflicting Great Bodily Injury | *Dism: PC1385-Furtherance of Justice |
| 001 | PC667(D)-ENHANCEMENT-Definition Of Punishment In PC667(E) Refer To PC667(E)(1) Or PC667(E)(2) | *Dism: PC1385-Furtherance of Justice |
| 001 | PC667(A)-ENHANCEMENT-Commit Serious Felony With Prior Serious Felony | *Dism: PC1385-Furtherance of Justice |

Is hereby committed to the custody of:

| |
|---|
| Dismissed on motion of the DA for insufficient evidence and in the interest of justice (PC1385).<br>Remanded to the custody of California Department of Corrections CMC |

Defendant Ordered to Appear on Date Set Forth:

| Date: | Time: | Location: |
|---|---|---|

Lacey S.

Victor Gerardo Ruiz

20F-02889-E

Exhibit F

 **CALIFORNIA DEPARTMENT of Corrections and Rehabilitation**

 I/m COPY    4106

# RULES VIOLATION REPORT

| CDC NUMBER AK1303 | INMATE'S NAME RUIZ, VICTOR G. | EPRD 08/15/2020 | FACILITY CMC-Facility A | HOUSING LOCATION CMC-A - A 001 2 - 238001L |
|---|---|---|---|---|
| VIOLATION DATE 10/21/2019 | VIOLATION TIME 12:12:00 | VIOLATION LOCATION CMC-Facility A - RVR - YARD | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Monday, October 21, 2019, at approximately 1212 hours, while conducting my duties as Tower Eight Officer, I heard via institutional radio a Code 1 response to A- Facility yard multiple inmates fighting on the yard. I observed five inmates striking and kicking the victim on his face, head, and entire body using their fist, and their shoes and state issued boots while the victim was on the ground appeared to be defenseless. Responding staff arrived and ordered the inmates to "Get down!" with negative results. I saw five inmates that were battering the victim run away from the incident site in the direction of Building 1; the victim remained lying on the ground in the middle of the yard. The five inmates got down in front of Building 1 in a prone position; two of the five suspects were separated by staff and told to sit on the tennis court not knowing they were involved. I advised Sgt. Burkhammer that the two suspects that were separated and placed on the tennis courts were also involved in the incident. The five suspects were later identified by their state issued ID cards as Inmate BIRDSALL, W. (V80187), CHAVEZ, L. (AN4481), LOPEZ, J. (BJ4975), CONTRERAS, L (G45675), and RUIZ, V (AK1303). The inmate being battered was identified as Inmate MEJIA, M. (BG0799). PENR# 16024

| REPORTING EMPLOYEE M. Mangayao | TITLE c/o | ASSIGNMENT A TWR 8 | RDO W/T | DATE: 10/28/2019 |
|---|---|---|---|---|

| RVR LOG NUMBER: 000000006924400 | VIOLATED RULE NUMBER: 3005(d)(1) |
|---|---|
| SPECIFIC ACT: Attempted Murder | |

| CLASSIFICATION | |
|---|---|
| LEVEL: Serious | OFFENSE DIVISION: Division A1 |
| REFERRED TO: Senior Hearing Officer | FELONY PROSECUTION LIKELY: Yes |

| REVIEWING SUPERVISOR C. Burkhammer | TITLE SERGEANT | DATE 10/28/2019 |
|---|---|---|

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | INCIDENT LOG NUMBER |
|---|---|
| PAGE 2 Of 12 | CMC-AFAC-19-10-0364A1 |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| CMC | AFAC - FACILITY A | 10/21/2019 | 12:12 |

TYPE OF INFORMATION:

☐ SYNOPSIS OF INCIDENT     ☐ SUPPLEMENTAL INFORMATION     ☑ AMENDED INFORMATION     ☐ CLOSURE REPORT

This report is a synopsis of written reports submitted by the involved staff. ~~████████████████~~

SYSNOPSIS:
On October 21, 2019, at approximately 1212 hours, Officer C. O'Dell observed inmates BIRDSALL, W. (V60187), CHAVEZ, L. (AN4481) and inmate LOPEZ, J. (BJ4975) battering inmate MEJIA, M (BG0799) on the Facility A yard. Officer C. O'Dell initiated a Code One Alarm Response via his institutional radio simultaneously, Tower Eight (8) Officer M. Mangayao observed BIRDSALL, CHAVEZ, LOPEZ, RUIZ, V. (AK1303) and CONTRERAS, L. (G45675) striking and kicking MEJIA in the head, face and whole body. Responding Officer C. O'Dell gave BIRDSALL, CHAVEZ, LOPEZ, RUIZ and CONTRERAS verbal orders to "get down." CONTRERAS and RUIZ stopped there attack and ran towards Building One and attempted to gain entrance into Building one. BIRDSALL ,CHAVEZ and LOPEZ continued to attack MEJIA who was now lying on the ground who appeared to be defenseless. CHAVEZ and LOPEZ stopped there attack and ran towards building one and got down. Responding Sergeant C. Burkhammer observed MEJIA, M. (BC2946) run towards the incident site towards BIRDSALL, who had stopped his attack on MEJIA and toss an unknown object to MEJIA (BC2946). Once the object was thrown, Sergeant Burkhammer observed BIRDSALL continue to attack MEJIA by stomping MEJIA in the head with his feet and observed MEJIA (BC2946) secure the unknown item in his hand and run towards the perimeter wall. Sergeant Burkhammer, observed MEJIA (BC2946) throw the unknown item over the perimeter wall and assume a prone position on the ground. As responding Officer O'Dell arrived at the incident site, BIRDSALL ran towards the front of Building One. Officer O'Dell gave BIRDSALL, CHAVEZ and LOPEZ orders to "get down" which all three complied and assume a prone position. Responding Sergeant Burkhammer and Officer's M. Baxstresser, C. Calderon S. Lund, C. O'Dell C. Orca, E. Self, placed BIRDSALL, CHAVEZ, LOPEZ, RUIZ and CONTRERAS, MEJIA (BC2946) and MEJIA (BG0799) in handcuffs.

Responding Officer Calderon escorted MEJIA (BG0799) to the east Treatment Triage Area (TTA) via the Emergency Response Vehicle for a higher level of care. Officer M. Baxstresser, S. Lund, C. O'Dell C. Orca, E. Self searched, escorted and placed BIRDSALL, CHAVEZ, LOPEZ, RUIZ and CONTRERAS, MEJIA (BC2945) into varies Temporary Holding cells (THC). Responding Investigative Services Unit (ISU) J. Salinas responded and conducted a search of the area behind the perimeter wall near were MEJIA had thrown the unknown object and discovered an Inmate Manufactured weapon. The weapon was round metal stock sharpened to a point approximately three-sixteenths (3/16) of an inch and approximately three and three quarters (3 ¾) of an inch long and had a blue cloth handle. Officer J. Salinas secured the weapon into the ISU Locker #7.

Officer C. O'Dell utilized the San Luis Obispo County District Attorney Miranda Form (DA Form #9) and Mirandized BIRDSALL, CHAVEZ, LOPEZ, RUIZ and CONTRERAS and MEJIA (BC2945). Once medically cleared BIRDSALL, CHAVEZ, LOPEZ, RUIZ, CONTRERAS, and MEJIA (BC2946) were rehoused in the California Men's Colony (CMC), Administrative Segregation Unit (ASU) without further incident.

During the Medical Evaluation of MEJIA, M. (BG0799) it was discovered to have injuries seven (7) puncture wounds to his back consistent with being the victim of an Attempted Homicide. Once Medically cleared, MEJIA was rehoused into ASU without further incident.

Once the crime scene and all physical evidence was processed the scene was released back to Facility A supervisory staff.

A more descriptive account will be given by each reporting employee in their individual CDCR 837-C Supplemental Crime/Incident reports.

ALARMS:
Officer C. O'Dell initiated a Code One Alarm Response via his institutional radio.

☑ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL CDCR 837-A1

| NAME OF REPORTING STAFF (PRINT / TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| J CURRY | CORRECTIONAL LIEUTENANT | ~~████~~ | |

| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE | DATE |
|---|---|---|---|
| | | 7441 | 10/21/2019 |

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDCR 837-A (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE 1 Of 12 | INCIDENT LOG NUMBER CMC-AFAC-19-10-0364A1 | INCIDENT DATE 10/21/2019 | INCIDENT TIME 12:12 |
|---|---|---|---|

| INSTITUTION CMC | FACILITY AFAC - Facility A | FACILITY LEVEL LEVEL III | INCIDENT SITE FACILITY A | LOCATION FACILITY A, YARD | PROGRAM GP | AD SEG N/A | USE OF FORCE ☐ Yes ☑ No |
|---|---|---|---|---|---|---|---|

**SPECIFIC CRIME / INCIDENT**
Battery on an Inmate Attempted Homicide - With Weapon.

☑ CCR ☐ PC ☐ N/A   NUMBER / SUBSECTION
3005-d1 Force or Violence

| D.A. REFERRAL ELIGIBLE ☑ Yes ☐ No | CRISIS RESPONSE TEAM ACTIVATED ☐ Yes ☑ No | MUTUAL AID ☐ Yes ☑ No | PIO / AA NOTIFIED ☑ Yes ☐ No |
|---|---|---|---|

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☐ N/A<br>1. Committed On: INMATE | ☐ N/A<br>1. Assault Type: STABBING ON INMATE |

| SERIOUS BODILY INJURY | INMATE WEAPONS | FORCE USED |
|---|---|---|
| ☑ N/A | ☐ N/A<br>1. Weapon Type: Inmate Manufactured Stabbing Instrument, Weapon Description: Round Metal Stock Sharpened To A Point Other Description: Round metal Eye Bolt Sharped to a point | ☑ N/A |

| ESCAPES |
|---|
| ☑ N/A |

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | EXTRACTION | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |

**BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)**
On October 21, 2019, at approximately 1212 hours, Officer M. Mangayao Observed Inmate BIRDSALL, William (V80187), CHAVEZ, Luis (AN4481), CONTRERAS, Leonard (G45675), LOPEZ, John (BJ4975), RUIZ, Victor (AK1303) battering inmate MEJIA, M (BG0799) on the Facility A yard in which a weapon was utilized.

**COMPLETE SYNOPSIS / SUMMARY ON CDCR 837-A1**

| NAME OF REPORTING STAFF (PRINT / TYPE) J CURRY | TITLE CORRECTIONAL LIEUTENANT | ID # | BADGE # |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 7441 | DATE 10/21/2019 |
| NAME OF WARDEN (OIC (PRINT / SIGN) J. GASTELO | | TITLE WARDEN | DATE 11-25-79 |

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

PAGE **1** Of **2**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST | FIRST | MI |
|---|---|---|
| O'DELL | C | L |

| | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|
| | 10/21/2019 | 1212 HOURS |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT |
|---|---|---|---|
| 211202 | A SEC PAT 2 | 3YRS. 2MO. | 10/21/2019 |

LOCATION OF INCIDENT
FACILITY A YARD

| RDO'S TH/FR | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON AN INMATE ATTEMPTED HOMICIDE |
|---|---|---|

CCR SECTION / RULE ☐ N/A
3005(d)(1)

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☐ Primary | (S) SGT. C. BURKHAMMER | (V) MEJIA, M. | BG0799 |
| ☐ Responder | (S) C/O S. LUND | (S) BIRDSALL, W. | V80187 |
| ☐ Witness | | (S) CHAVEZ, L. | AN4481 |
| ☐ Camera | | (S) LOPEZ, J. | BJ4975 |
| ☐ Victim | | (S) MEJIA, J. | BC2946 |
| ☐ Other; | | (S) RUIZ, V. | AK1303 |
| ☐ N/A | | CONTRERAS, L. | G45676 |

FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE

| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
|---|---|---|---|---|---|---|---|---|
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| ☐ X-10 BRD w/ OC | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| | ☐ Shotgun | | | ☐ HFWRS | | | | |

Non-Conventional or Force Not Listed Above:

| FORCE OBSERVED BY YOU | ☒ N/A ☐ Physical ☐ Hand-Held Baton ☐ Chemical Agent ☐ X-10 ☐ Less Lethal ☐ Lethal ☐ Non-Conventional |
|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☐ UNKNOWN ☐ Other: ☒ N/A | ☐ YES ☒ NO |

NARRATIVE: On Monday, October 21, 2019, at approximately 1212 hours, while conducting my duties as FACILITY A SEC PAT I observed three inmates battering one inmate on the Facility A Yard in the middle of the yard. I announced via institutional radio call a Code 1 response to Facility A yard, 3 on 1 fight. I responded from the front of the Facility A Program Office towards the group of inmates fighting and gave direct orders to "Get down!" with negative results. I saw the three inmates using their hands and feet to batter the victim, who was lying on the ground and appeared to be defenseless. As I was responding to the incident site, the three inmates that were battering the one inmate began to run away from the incident site in the direction of Building 1. The victim remained lying on the ground in the middle of the yard. I again gave a direct order to all inmates to "Get down!" with negative results. Upon arriving to the front of Building 1, the three inmates involved were identified as Inmate BIRDSALL, W. (V80187), Inmate CHAVEZ, L. (AN4481), and Inmate LOPEZ, J. (BJ4975). The inmate being battered was identified as Inmate MEJIA, M. (BG0799). I provided coverage for Officer S. Lund as he handcuffed Inmate LOPEZ. I then proceeded to handcuff Inmate BIRDSALL and performed a clothed body search which was negative for contraband. Sergeant C. Burkhammer arrived and I apprised him of what I saw and informed him that no force was used. Sergeant C. Burkhammer instructed me to escort and place Inmate BIRDSALL into a Temporary Holding Cell (THC). I then escorted Inmate BIRDSALL to THC A3. I searched THC A3 with negative results for contraband. I placed Inmate BIRDSALL in THC A3 at approximately 1230 hours. Nursing staff arrived and conducted a CDCR 7219 MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE. I continued to provide observation of Inmate BIRDSALL in the A3 Temporary Holding Cell until I was instructed by Sergeant C. Burkhammer to monitor the crime scene.
☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE #/ ID # | DATE 10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) CORRECTIONAL SERGEANT C. BURKHAMMER | DATE RECEIVED 10/21/2019 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/2019 |

DISTRIBUTION:  Original: Incident Package  Copy: Reporting Employee  Copy: Reviewing Supervisor

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

| PAGE 2 Of 2 | INCIDENT LOG NUMBER CMC-AFAC-19-10-0364 | MI L |

NAME:  LAST
O'DELL

FIRST
C

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

**NARRATIVE:**

to monitor the crime scene on the Facility A yard until ISU staff arrived and took control of the crime scene. I then proceeded to read Inmates BIRSDALL (V80187), CHAVEZ (AN4481), LOPEZ (BJ4975), MEJÍA (BC2946), RUIZ (AK1403), and CONTRERAS (G45675) their Miranda Rights to which they all verbally stated they understood their rights and chose to not waive their rights and remain silent. Sergeant C. Burkhammer then instructed me to escort Inmate BIRDSALL to Building 4 for ASU placement. At approximately 1545 hours I removed Inmate BIRDSALL from the THC A3 and escorted Inmate BIRDSALL to Administrative Segregation Unit for rehousing. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| | | BADGE # / ID # | DATE 10/21/2019 |
| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | | |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) CORRECTIONAL SERGEANT C. BURKHAMMER | DATE RECEIVED 10/21/2019 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/2019 |

Official Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION
# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

| | PAGE 1 Of 1 | INCIDENT LOG NUMBER CMC AFAC-19-10-0364 |
|---|---|---|

| NAME: LAST ORCA | FIRST C | MI R | DATE OF INCIDENT 10/21/2019 | TIME OF INCID 1212 |
|---|---|---|---|---|

| POST # 211203 | POSITION A YARD | YEARS OF SERVICE 14YRS. 7MO. | DATE OF REPORT 10/21/2019 | LOCATION OF INCIDENT FACILITY A YARD |
|---|---|---|---|---|

| RDO'S S/S | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON INMATE/ATTEMPTED HOMICIDE | CCR SECTION / RULE 3005(d)(1) | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNE |
|---|---|---|
| ☐ Primary<br>☒ Responder<br>☐ Witness<br>☐ Camera<br>☐ Victim<br>☐ Other: | (S) SGT. BURKHAMMER, C | (S) BIRDSALL, WILLIAM (V80187)<br>(S) CHAVEZ, LUIS (AN4481)<br>(S) LOPEZ, JOHN (BJ4975)<br>(V) MEJIA, MISAEL (BG0799) |

| ☒ N/A | FORCE USED BY YOU / TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Physical:<br>☐ Hand-Held Baton<br><br>☐ X-10 BRD. w/o OC<br><br>☐ X-10 BRD w/ OC | Lethal Weapons:<br>☐ Mini 14<br>☐ .38 Cal<br>☐ .40 Cal<br>☐ 9 mm<br>☐ Shotgun | Warning: | Effect: | Less Lethal Weapons:<br>☐ 37 mm<br>☐ 40 mm<br>☐ L8<br>☐ 40 mm Multi<br>☐ HFWRS | # Effect: | Chemical Agent:<br>☐ OC<br>☐ CN<br>☐ CS | Projector: | #Deploy |

☐ Non-Conventional or Force Not Listed Above:

| FORCE OBSERVED BY YOU | ☒ N/A  ☐ Physical  ☐ Hand-Held Baton  ☐ Chemical Agent  ☐ X-10  ☐ Less Lethal  ☐ Lethal  ☐ Non-Convention |
|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PRE |
|---|---|---|---|---|
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ YES<br>☒ NO | ☐ YES<br>☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/306 COMPLETE |
|---|---|---|---|---|
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY   ☒ N/A<br>☐ UNKNOWN<br>☐ Other: | ☐ YES<br>☒ NO |

NARRATIVE:   On October 21, 2019 at approximately 1212 hours while working as Facility A Yard Officer. I heard a Code 1, 3 on 1 fight on the Facility A Yard via the institutional radio.  While responding I observed three inmates who were later identified as Inmates BIRDSALL, WILLIAM (V80187), CHAVEZ, LUIS (AN4481), and LOPEZ, JOHN (BJ4975) running away from Inmate MEJIA MISAEL (BG0799) who was lying on the ground face first in the middle of Facility A Yard. Inmates BIRDSALL, CHAVEZ and LOPEZ ran towards the front of Building 1 and got in a prone position.  I placed Inmate CHAVEZ into handcuffs and conducted a clothed body search with negative results of contraband. Correctional Sergeant C. Burkhammer instructed me to escort and place Inmate CHAVEZ into a Temporary Holding Cell (THC) in room 109. I then escorted Inmate CHAVEZ to THC A2 in room 109. I searched THC A2 with negative results for contraband. I then placed Inmate CHAVEZ in THC A2. Nursing staff arrived and conducted a CDCR 7219 MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE. I continued to provide observation of Inmate CHAVEZ in the THC A2 until I was instructed by Sergeant C. Burkhammer to escort Inmate CHAVEZ to Building 4 for ASU placement. At approximately 1555 hours I removed Inmate CHAVEZ from the THC A2 and escorted Inmate CHAVEZ to Administrative Segregation Unit for rehousing in cell 4123. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 10/21/2019 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) C. Burkhammer Sergeant | DATE RECEIVED 10-21-19 | CLARIFICATION NEEDED ☐ YES  ☒ NO | APPROVED ☒ YES  ☐ NO | DATE 10-21-19 |
|---|---|---|---|---|

DISTRIBUTION:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

PAGE **1** Of **3**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| SALINAS | J. | L. | 10/21/2019 | 1212 HOURS |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 281907 | S ISU 7 | 18YRS. 7MO. | 10/21/2019 | FACILITY A YARD |

| RDO'S S/S/H | DUTY HOURS 0730-1530 | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| | | Battery on Inmate-Attempted Homicide - with weapon | 3005 (d) (1) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF V-VISITOR O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM W-WITNESS) |
|---|---|---|
| ☐ Primary | (S) Lt. J. Curry | |
| ☒ Responder | | |
| ☐ Witness | | |
| ☐ Camera | | |
| ☐ Victim | | |
| ☐ Other; | | |

**FORCE USED BY YOU - TYPE OF WEAPON/ SHOTS FIRED / NON-CONVENTIONAL FORCE**  ☒ N/A

| | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons; | # Effect: | Chemical Agent | Projector | #Deployed |
|---|---|---|---|---|---|---|---|---|
| ☐ Physical; | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ Hand-Held Baton | ☐ 38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| ☐ X-10 BRD w/o OC | ☐ 40 Cal | | | ☐ L8 | | ☐ CN | | |
| | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| ☐ X-10 BRD w/ OC | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above;

| FORCE OBSERVED BY YOU | ☒ N/A | ☐ Physical | ☐ Hand-Held Baton | ☐ Chemical Agent | ☐ X-10 | ☐ Less Lethal | ☐ Lethal | ☐ Non-Conventional |
|---|---|---|---|---|---|---|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES | *I collected one (1) inmate manufactured weapon (Evidence Placard #1, Six (6) photographs labeled JSP-1 through JSP-6).* | I secured the weapon in ISU Evidence Locker #7. The 6 photographs were downloaded into the ISU Casefile regarding this incident. | ☐ YES | ☒ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | | | ☐ UNKNOWN | ☒ NO |
| | ☒ N/A | ☒ N/A | ☐ Other: | |

NARRATIVE: On Monday, October 21, 2019, at approximately 1212 hours, as part of the California Men's Colony (CMC) Investigative Services Unit (ISU), I responded to the Facility A yard after hearing an announcement made via institutional radio which indicated there was a three (3) on one (1) fight on the Facility A yard.

Upon my arrival, I made contact with Facility A Correctional Lieutenant J. Curry, who advised me, the initial responders observed an inmate running towards the North West corner of the Facility A yard. The inmate appeared to throw an object over the wall that spans between the corner of the Low Side of Building 1 to the Maintenance Wall. Lt. Curry instructed me to conduct a search of the area on the opposite side of the Chain Link Wall area for items of evidentiary value.

Within the Inner Facility Roadway, located behind the North West corner of the Facility A yard, I discovered what appeared to be an inmate manufactured weapon. The weapon was constructed out of a round metal stock with a threaded portion on one end and a curved loop opposite the threaded side. The material is consistent with the design of an Eye Bolt. The threaded side of the weapon was ground down to a point and

☒ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 10/21/2019 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED 10/21/19 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/19 |
|---|---|---|---|---|
| C. Burkhammer Sugst. CO | | | | |

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE **1** Of **3**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST BURKHAMMER | FIRST C. | | MI D. | DATE OF INCIDENT 10/21/2019 | TIME OF INCIDENT 1212 HOURS |
|---|---|---|---|---|---|

| POST # 210300 | POSITION A PROGRAM SGT | YEARS OF SERVICE 16 YRS. 07 MO. | DATE OF REPORT 10/21/2019 | LOCATION OF INCIDENT FACILITY A YARD |
|---|---|---|---|---|

| RDO'S F/S | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON AN INMATE ATTEMPTED HOMICIDE | CCR SECTION / RULE 3005 (d) (1)  ☐ N/A |
|---|---|---|---|

### YOUR ROLE

☐ Primary
☒ Responder
☐ Witness
☐ Camera
☐ Victim
☐ Other:

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**

| | |
|---|---|
| (S) C/O C. O'DELL | (S) C/O M. BAXSTRESSER |
| (S) C/O G. CALDERON | (S) C/O M. MANGAYAO |
| (S) C/O C. ORCA | (S) C/O J. SALINAS |
| (S) C/O S. LUND | (S) C/O D. GREY |
| (S) C/O E. SELF | (S) LVN P. GITHINJI |
| (S) CCI S. MCROBERTS | (S) RN R. AMOR-WALKER |

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS**

| | |
|---|---|
| (V) MEJIA, M. BG-0799 | (S) RUIZ, V. AK-1303 |
| (S) BIRDSALL, W. V-80187 | (S) CONTRERAS, L. G-45675 |
| (S) MEJIA, J. BC-2946 | |
| (S) CHAVEZ, L. AN-4481 | |
| (S) LOPEZ, J. BJ-4975 | |

☒ N/A   **FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE**

☐ Physical
☐ Hand-Held Baton
☐ X-10 BRD w/o OC
☐ X-10 BRD w/ OC

| Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
|---|---|---|---|---|---|---|---|
| ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

**FORCE OBSERVED BY YOU**   ☒ N/A  ☐ Physical  ☐ Hand-Held Baton  ☐ Chemical Agent  ☐ X-10  ☐ Less Lethal  ☐ Lethal  ☐ Non-Conventional

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ YES  ☒ NO | ☒ YES  ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ Other: | ☐ YES  ☒ NO |

On October 21, 2019, at approximately 1212 hours, while I was performing my duties as Facility-A Program Sergeant, I responded to a Code One Battery on the Facility A Yard I heard over the institutional radio. I exited the Program Office and was able to observe in the middle of the Facility-A's Yard Inmate BIRDSALL, (V80187), CHAVEZ, L. (AN4481), and LOPEZ, J. (BJ4975) kicking and punching an inmate later identified as MEJIA, M. (BG0799). MEJIA, M. (BG0799), defenseless on the ground as the three inmates continued unopposed to use boots or shoes to stomp on MEJIA, M. (BG0799) head. I observed as responding staff got closer to the incident site LOPEZ and CHAVEZ broke off their attack and ran towards doors of Building One trying to gain entrance to the building. BIRDSALL turned and took a few steps wards the Basketball Court away from the MEJIA, M. (BG0799) who was still motionless on the ground. MEJIA, J. (BC2946) who was standing on the Basketball Court started to run towards BIRDSALL. Once MEJIA, J. (BC2946) was approximately 30 feet from BIRDSALL, BIRDSALL tossed a small-unknown object MEJIA, J. (BC2946). BIRDSALL then returned to a motionless MEJIA, M. (BG0799) on the ground and

CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF C.G.___ | TITLE CORRECTIONAL SERGEANT | BADGE # / ID # | DATE 10/21/2019 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) for J. Curry Lieutenant | DATE RECEIVED 10-21-19 | CLARIFICATION NEEDED ☐ YES  ☒ NO | APPROVED ☒ YES  ☐ NO | DATE 10-21-19 |
|---|---|---|---|---|

DISTRIBUTION:   Original-Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

PAGE **2** Of **3**

DEPARTMENT OF CORRECTIONS AND REHABILITATIC

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST | FIRST | MI |
|---|---|---|
| BURKHAMMER | C | D |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

**NARRATIVE:**

continued to stomp him in the head with his feet unopposed. In the meantime MEJIA, J. (BC2946) secured the item in his right hand, turned, and ran towards the North East corner of the yard. Once he got close to the end of Building One and the Maintenance Wall MEJIA, J. (BC2946) threw the item over the wall into no man's land. I then used my radio and requested a Code Two response to Facility-A Yard as it appeared that at least one weapon had been used in the battery and there was a possibility of more weapons on the yard or still in the possession of the involved inmates. MEJIA, J. (BC2946) then assumed a sitting position on the concrete in front of Building One. BIRDSALL stopped his battery on MEJIA, M. (BG0799) as responding staff were getting closer. BIRDSALL turned and ran towards the other assailants who were still standing on the steps of Building One trying to gain access. Responding Staff arrived and ordered all three inmates to get down to which they complied. With the yard down, I headed towards MEJIA, J. (BC2946) who was about 80 feet from the front of Building One's doors and ordered him to stand up and to turn around so I could place him in handcuffs. He complied with my orders. Once he was in handcuffs, I conducted a clothed body search looking for any dangerous contraband. Not finding any, I instructed Officer E. Self to escort MEJIA, J. (BC2946) to the Temporary Holding Cell (THC) located in front of the Facility-A Program Office. I then turned my attention towards MEJIA, M. (BG0799) who was now struggling to regain his feet. Officer G. Calderon and I told MEJIA, M. (BG0799) to go ahead and sit back down while I conducted a quick visual inspection of MEJIA, M. (BG0799). I determined that MEJIA, M. (BG0799) would require medical attention so using my radio I requested a Medical Code One to the middle of Facility-A Yard. The Emergency Transport Vehicle (ETV) arrived on the yard, Officer Calderon assisted in loading MEJIA, M. (BG0799) into the ETV, and he left the yard with him. I then headed towards the entrance of Building One where responding Officer were restraining the suspects. Officer C. O'Dell placed BIRDSALL in handcuffs, conducted a clothed pat down, which was negative results for dangerous contraband before he escorted him to a THC. Officer C. Orca placed CHAVEZ in handcuffs, conducted a clothed pat down, which was negative results for dangerous contraband before he escorted him to a THC. Officer S. Lund placed LOPEZ in handcuffs, conducted a clothed pat down, which was negative results for dangerous contraband before he escorted him to a THC. I then entered Building One and contacted Officer M. Mangayao, Facility-A Tower Officer, on the phone who informed me that there were two more inmates he identified attacking MEJIA, M. (BG0799) as CONTRERAS, Leonard (G45675), and RUIZ, Victor (AK1303). I then exited the building and located both inmates within the incident site. I then instructed Officer M. Baxstresser and Officer E. Self to place both inmates in handcuffs and escort them to a THC. Officer M. Baxstresser placed CONTRERAS in handcuffs, conducted a clothed pat down, which was negative results for dangerous contraband before he escorted him to a THC. Officer E. Self placed RUIZ in handcuffs, conducted a clothed pat down, which was negative results for dangerous contraband before he escorted him to a THC. I established a crime scene from the front of Building One to the incident site in the middle of the yard to the fire hydrant located on the concrete basketball court. I instructed Officer C. O'Dell to maintain control of the crime scene until I can

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL SERGEANT | BADGE # / ID.# | DATE 10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED 10-21-19 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 1/01-21-1 |

CRIME INCIDENT REPORT
PART C1 - SUPPLEMENT
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATIO

| | PAGE 3 Of 3 | INCIDENT LOG NUMBER CMC-AFAC-19-10-0364 |

NAME: LAST
BURKHAMMER

FIRST
C

MI
D

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

have the Investigative Services Unit (ISU) start to process the crime scene. ISU Officer D. Grey responded o the crime scene, processed multiple articles of evidence, and secured them in the ISU evidence locker. Officer D. Grey also reported to the Triage and Treatment Area where the victim MEJIA, M. (BG0799) was eceiving medical treatment. Officer D. Grey processed the evidence he gathered from MEJIA, M. (BG0799) egarding his injuries. Register Nurse (RN) R. Amor-Walker conducted the CDCR 7219 Medical Report of njury or Unusual Occurrence (CDCR 7219), which showed seven (7) puncture marks on the back of MEJIA, M. (BG0799) which is consistence with being stabbed by a puncture type weapon. ISU Officer J. Salinas eported to the yard and I informed him that MEJIA, J. (BC2946) had thrown and item over the maintenance vall into no-man's land, which I believed, is the weapon used in the attack. ISU Officer J. Salinas reported o no-man's land behind Building One and the Maintenance Wall were he discovered an Inmate lanufactured Puncture type Weapon. ISU Officer J. Salinas reported the discovery of the weapon and rocessed it into evidence. License Vocational Nurse (LVN) P. GITHINJI reported to Room B109 to conduct DCR 7219 Medical Report of Injury or Unusual Occurrence on the suspects. Officer C. O'Dell reported to oom B109 to Mirandize the suspects while I provided witness. All suspects chose not to waive their rights, hose to remain silence, and did not make any statements. All suspects and the victim were re-housed in dministration Segregation Unit (ASU) without incident. Once the crime scene was secured, the Facility-A ard was relinquished back to use by Facility-A Custody Supervisory Staff. This concludes my involvement this incident.

HECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| iNATURE OF REPORTING STAFF | TITLE CORRECTIONAL SERGEANT | BADGE # / ID # | DATE 10/21/2018 |
| ME AND TITLE OF REVIEWER (PRINT/SIGNATURE) CURRY LIEUTENANT | DATE RECEIVED 10-21-19 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/19 |

BUTION:  Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

| PAGE 1 Of 1 | INCIDENT LOG NUMBER CMC-AFAC-19-10-0364 |
| --- | --- |

| NAME: LAST BAXSTRESSER | FIRST M | MI N | DATE OF INCIDENT 10/21/2019 | TIME OF INCIDENT 1212 HOURS |
| --- | --- | --- | --- | --- |

| POST # 211224 | POSITION A2 FLR4 | YEARS OF SERVICE 16YRS., 7 MO. | DATE OF REPORT 10/21/2019 | LOCATION OF INCIDENT FACILITY A YARD |
| --- | --- | --- | --- | --- |

| RDO'S S/M | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON AN INMATE ATTEMPTED HOMICIDE | CCR SECTION / RULE 3005 (d) (1)  ☐ N/ |
| --- | --- | --- | --- |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
| --- | --- | --- | --- | --- |
| ☐ Primary | (S) SGT C. BURKHAMMER | | (S)CONTRERAS, L. | (G45675) |
| ☒ Responder | (S) LVN P. GITHINJI | | (S) BIRDSALL, W. | (V80187) |
| ☐ Witness | | | (S) CHAVEZ, L | (AN4481) |
| ☐ Camera | | | (S) LOPEZ, J | (BJ4975) |
| ☐ Victim | | | | |
| ☐ Other: | | | | |

| FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ☒ N/A | | | | | | | | |
| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed |
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | ☐ OC | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ CN | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CS | | |
| ☐ X-10 BRD w/ OC | ☐ 9 mm | | | ☐ 40 mm Multi | | | | |
| | ☐ Shotgun | | | ☐ HFWRS | | | | |

| ☐ Non-Conventional or Force Not Listed Above: | |
| --- | --- |

| FORCE OBSERVED BY YOU | ☒ N/A | ☐ Physical | ☐ Hand-Held Baton | ☐ Chemical Agent | ☐ X-10 | ☐ Less Lethal | ☐ Lethal | ☐ Non-Conventional |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- | --- |
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/306 COMPLETED |
| --- | --- | --- | --- | --- |
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ Other: | ☐ YES ☒ NO |

NARRATIVE:   On 10/21/19 at approximately 1212 hours, I was working post 211224 A2 FLR4 when I heard via radio, "Code 1 on Facility A Yard 3 on 1". I immediately responded to the yard in front of Building One which three inmates were in the prone position with their hands behind their back. They were later identified by responding staff as BIRDSALL, WILLIAM R. V80187, CHAVEZ, LUIS A. AN4481, and LOPEZ, JOHN M. BJ4975. I was instructed by Facility A Sgt. Burkhammer to place handcuffs on CONTRERAS, LEONARD G45675. I placed handcuffs on CONTRERAS and conducted a clothed body search with negative results for contraband. I escorted CONTRERAS to Temporary Holding Cell (THC) P5 in the East Plaza Area. I searched (THC) P5 with negative results and placed CONTRERAS in (THC) P5. A 7219 (Medical Evaluation for Unusual Occurrence) was completed by Licensed Vocational Nurse P. Githinji. After the 7219 was completed, I escorted CONTRERAS to 4109 in Administrative Segregation Unit (ASU) for housing placement.

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 10/21/2019 |
| --- | --- | --- | --- |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED 10-21-18 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10-21-19 |
| --- | --- | --- | --- | --- |

# PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATIO

PAGE **1** Of **2**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST MCROBERTS | FIRST S. | MI A | DATE OF INCIDENT 10/21/2019 | TIME OF INCIDENT 1212 HOURS |
|---|---|---|---|---|

| POST # 280901 | POSITION S CCI 1 | YEARS OF SERVICE 21 YRS. 1 MO. | DATE OF REPORT 10/21/2019 | LOCATION OF INCIDENT FACILITY-A YARD |
|---|---|---|---|---|

| RDO'S S/S/H | DUTY HOURS 0800-1600 | DESCRIPTION OF CRIME / INCIDENT Battery on an I/M / Attempted Homicide | CCR SECTION / RULE 3005(d)(1)  ☐ N/A |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ Primary | (S) Sergeant C. Burkhammer | (V) MEJIA, M. (BG0799) |
| ☒ Responder | | (S) BIRDSALL, W. (V80187) |
| ☐ Witness | | (S) LOPEZ, J. (BJ4975) |
| ☐ Camera | | (S) CHAVEZ, L. (AN4881) |
| ☐ Victim | | (S) MEJIA, J. (BC2946) |
| ☐ Other: | | |

| ☒ N/A | FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD w/o OC | ☐ 38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ 40 Cal | | | ☐ L8 | | ☒ CN | | |
| ☐ X-10 BRD w/ OC | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

| FORCE OBSERVED BY YOU | ☒ N/A  ☐ Physical  ☐ Hand-Held Baton  ☐ Chemical Agent  ☐ X-10  ☐ Less Lethal  ☐ Lethal  ☐ Non-Conventional |
|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A ☐ UNKNOWN ☐ Other: | ☐ YES ☒ NO |

NARRATIVE: On Monday, October 21, 2019 at approximately 1212 hours, while performing my duties as a Correctional Counselor-I (CCI), I heard over the California Men's Colony Public Address (PA) system for a Code-One response to the Facility-A Recreation Yard due to inmates fighting. As I responded to the Facility-A Recreation yard, I saw responding Correctional Officers running towards the fighting inmates ordering all inmates on the Facility-A yard to get down into a prone position. As the Correctional Officers were responding to the incident site I saw three inmates/suspects later identified by the Strategic Offender Management System (SOMS) as BIRDSALL, W. (V80187), CHAVEZ, L. (AN4881) and LOPEZ, J. (BJ4975) punching MEJIA, M. (BG0799) the victim in the head and body with their fists. After the victim fell to the ground, the three suspects continued to strike the victim in the head and body with their fist then began kicking the victim in the head and body. As the responding staff got closer to the incident CHAVEZ and LOPEZ ran towards to the front doors of Building 1 and sat down. As these two suspects ran to the front of Building 1, I saw MEJIA, J. (BC2946) run from the Basketball/Handball court area towards BIRDSALL who was standing near the victim laying on the ground. BIRDSALL turned towards MEJIA and tossed an

CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| NATURE OF REPORTING STAFF | TITLE CORRECTIONAL COUNSELOR-I | BADGE # / ID # | DATE 10/21/2019 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED 10/21/19 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/19 |
|---|---|---|---|---|

DISTRIBUTION: Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

# CRIME / INCIDENT REPORT
## PART C1 - SUPPLEMENT
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATI

PAGE **2** Of **2**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST MCROBERTS | FIRST S. | MI A |
|---|---|---|

TYPE OF INFORMATION:
☐ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATIO

NARRATIVE:

unknown object to MEJIA. I saw MEJIA bobble the item then take control of it with his left hand. MEJIA turned and ran towards the end of Building 1 with the object in his hand.  When MEJIA reached the end of Building 1, he reached back with his left arm and flung it up towards the perimeter fence, throwing the object over the perimeter fence. After throwing the object MEJIA got down into a sitting position. BIRDSALL returned to the victim who was laying on the ground.  As the victim lay defenseless and without attempting to protect himself BIRDSALL continued to punch the victim with his fists then started to kick the victim in the head with his boots. Using his right boot BIRDSALL stomped down on the victims head several times before he stopped and ran towards the front of Building 1 where the other suspects were sitting. Responding staff placed all three of the suspects who were sitting in front of Building 1 in restraints and escorted them to the Facility-A Program office. MEJIA was placed into restraints handcuffs and escorted to the Facility-A program office without incident. The emergency transport vehicle was called to respond to the middle of the yard where the victim was laying and transported the victim to the East Medical Treatment area. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL COUNSELOR-I | BADGE # / ID # | DATE 10/21/2019 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED 10/21/19 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/19 |
|---|---|---|---|---|

ISTRIBUTION: Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE 1 Of 2 | INCIDENT LOG NUMBER CMC-AFAC-19-10-0364 |
|---|---|

| NAME: LAST MANGAYAO | FIRST M | MI H | DATE OF INCIDENT 10/21/2019 | TIME OF INCIDENT 1212 HOURS |
|---|---|---|---|---|

| POST # 211202 | POSITION A TWR 8 | YEARS OF SERVICE 16YRS. 7MO. | DATE OF REPORT 10/21/2019 | LOCATION OF INCIDENT FACILITY A YARD |
|---|---|---|---|---|

| RDO'S W/THUR | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON AN INMATE ATTEMPTED HOMICIDE | CCR SECTION / RULE 3005(d)(1)  ☐ N/A |
|---|---|---|---|

**YOUR ROLE**
- ☐ Primary
- ☐ Responder
- ☒ Witness
- ☐ Camera
- ☐ Victim
- ☐ Other:
- ☒ N/A

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**
(S) SGT. C. BURKHAMMER

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**

| | |
|---|---|
| (V) MEJIA, M. | BG0799 |
| (S) BIRDSALL, W. | V80187 |
| (S) CHAVEZ, L. | AN4481 |
| (S) LOPEZ, J. | BJ4975 |
| (S) RUIZ, V. | AK1303 |
| (S) CONTRERAS, L. | G45675 |

**FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE**

| Physical: ☐ Hand-Held Baton ☐ X-10 BRD w/o OC ☐ X-10 BRD w/ OC | Lethal Weapons: ☐ Mini 14 ☐ .38 Cal ☐ .40 Cal ☐ 9 mm ☐ Shotgun | Warning: | Effect: | Less Lethal Weapons: ☐ 37 mm ☐ 40 mm ☐ L8 ☐ 40 mm Multi ☐ HFWRS | # Effect: | Chemical Agent: ☐ OC ☐ CN ☐ CS | Projector: | #Deployed: |
|---|---|---|---|---|---|---|---|---|

☐ Non-Conventional or Force Not Listed Above:

**FORCE OBSERVED BY YOU:** ☒ N/A ☐ Physical ☐ Hand-Held Baton ☐ Chemical Agent ☐ X-10 ☐ Less Lethal ☐ Lethal ☐ Non-Conventional

**EVIDENCE COLLECTED BY YOU:** ☐ YES ☒ NO

| EVIDENCE DESCRIPTION ☒ N/A | EVIDENCE DISPOSITION ☒ N/A | BIO HAZARD ☐ YES ☒ NO | PPE ☐ YES ☒ NO |
|---|---|---|---|

**REPORTING STAFF INJURED:** ☐ YES ☐ NO

| DESCRIPTION OF INJURY ☒ N/A | LOCATION TREATED (HOSPITAL/CLINIC) ☒ N/A | FLUID EXPOSURE ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ Other: | SCIF 3301/3067 COMPLETED ☐ YES ☒ NO |
|---|---|---|---|

**NARRATIVE:** On Monday, October 21, 2019, at approximately 1212 hours, while conducting my duties as Tower Eight Officer, I heard via institutional radio a Code 1 response to A- Facility yard multiple inmates fighting on the yard. I observed five inmates striking and kicking the victim on his face, head, and entire body using there fist, and their shoes and state issued boots while the victim was on the ground appeared to be defenseless. Responding staff arrived and ordered the inmates to "Get down!" with negative results. I saw the inmates that were battering the victim run away from the incident site in the direction of Building 1; the victim remained lying on the ground in the middle of the yard. The five inmates got down in front of Building in a prone position; two of the five suspects were separated by staff and told to sit on the tennis court not knowing they were involved, I advised Sgt. Burkhammer that the two suspects that were separated and placed on the tennis courts were also involved in the incident. The five suspects were later identified by their state issued ID cards as Inmate BIRDSALL, W. (V80187), CHAVEZ, L. (AN4481), LOPEZ, J. (BJ4975), CONTRERAS, L (G45675), and RUIZ, V. (AK1303). The inmate being battered was identified as Inmate MEJIA, M. (BG0799). I provided coverage while staff performed a clothed body search on all involved inmates, Sergeant C. Burkhammer arrived and instructed staff to escort the suspects into a Temporary

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) CORRECTIONAL SERGEANT C. BURKHAMMER | DATE RECEIVED 10/21/2019 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/2019 |

DISTRIBUTION:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1.- SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE 2 Of 2 | INCIDENT LOG NUMBER CMC-AFAC-19-10-0364 | MI H |

| NAME: LAST | FIRST | |
| MANGAYAO | M | |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT   ☐ CLARIFICATION OF REPORT   ☐ ADDITIONAL INFORMATION

NARRATIVE:

Holding Cell (THC), and the victim was removed from the A-Facility yard via Emergency Transport Vehicle (ETV) to the Triage and Treatment Area (TTA). A-Facility was systematically recalled. I continued to provide coverage and observation of the yard until all inmates were secured in their assigned building. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 10/21/2019 |
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) CORRECTIONAL SERGEANT C. BURKHAMMER | DATE RECEIVED 10/21/2019 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/2019 |

# PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE **1** Of **2**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST SELF | FIRST E. | MI T. | DATE OF INCIDENT 10/21/2019 | TIME OF INCIDENT 1212 HOUR |
|---|---|---|---|---|

| POST # 211223 | POSITION A 2 FLR 3 | YEARS OF SERVICE 16YRS. 01MO. | DATE OF REPORT 10/21/2019 | LOCATION OF INCIDENT FACILITY A YARD |
|---|---|---|---|---|

| RDO'S F/S | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON AN INMATE ATTEMPTED HOMICIDE | | |
|---|---|---|---|---|

CCR SECTION / RULE 3005 (d)(1)  ☐ N/A

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ Primary | (S) C. BURKHAMMER SGT. | |
| ☒ Responder | | (S) J. MEJIA (BC2946) |
| ☐ Witness | | (S) V. RUIZ (AK1303) |
| ☐ Camera | | |
| ☐ Victim | | |
| ☐ Other: | | |
| ☒ N/A | | |

## FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE

| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
|---|---|---|---|---|---|---|---|---|
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | ☐ OC | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ CN | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CS | | |
| ☐ X-10 BRD w/ OC | ☐ 9 mm | | | ☐ 40 mm Multi | | | | |
| | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

| FORCE OBSERVED BY YOU | ☒ N/A  ☐ Physical  ☐ Hand-Held Baton  ☐ Chemical Agent  ☐ X-10  ☐ Less Lethal  ☐ Lethal  ☐ Non-Conventional | | |
|---|---|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | ☒ N/A | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | | ☐ UNKOWN | ☒ NO |
| | | | ☐ Other: | |

NARRATIVE: On October 21, 2019, at approximately 1212 hours, while working my post 211223, I was conducting my duties as Building 2, 3rd Floor Officer, I responded to a code one fight on A Facility yard, announced via institutional radio. Upon arriving, I saw Sergeant (Sgt.) Burkhammer place inmate Mejia J. (2946) in handcuffs. I reported for Sgt. Burkhammer location. Sgt. Burkhammer instructed me to escort inmate Mejia to the A Facility Temporary Holding Cell (THC) number A1. I conducted a clothed search on inmate Mejia that was negative results for contraband. I escorted inmate Mejia to the THC. Before placing inmate Mejia in the THC, I searched the THC A1 with negative results for contraband. At approximately [ ], I placed inmate Mejia in the THC A1 without incident. I returned to Sgt. Burkhammer location on the A Facility Yard. Sgt. Burkhammer instructed me to place inmate Ruiz V. (AK1303) in handcuffs and to escort inmate Ruiz to the East Central Service area and place inmate Ruiz in a THC. With cover from Sgt. Burkhammer, I place inmate Ruiz in handcuff and conducted a clothed search of inmate Ruiz that was [ ] results for contraband. I escorted inmate Ruiz to the East Central Service area. I searched THC [ ] with negative results for contraband. At approximately 1235 I placed inmate Ruiz in the THC P1 without [ ]. Nursing staff arrived and conducted a CDCR 7219 MEDICAL REPORT OF INJURY OR UNUSUAL

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 10/21/2019 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) BURKHAMMER CORRECTIONAL SERGEANT | DATE RECEIVED 10/21/2019 | CLARIFICATION NEEDED ☐ YES  ☒ NO | APPROVED ☒ YES  ☐ NO | DATE 10/21/2019 |
|---|---|---|---|---|

Distribution:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

CRIME / INCIDENT REPORT
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATI

PAGE **2** Of **2**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST SELF | FIRST E. | MI T. |
|---|---|---|

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT          ☐ CLARIFICATION OF REPORT          ☐ ADDITIONAL INFORMATIO

**NARRATIVE:**

OCCURRENCE on inmate Ruiz. I continued to provide observation of inmate Ruiz in the THC P1, until I was instructed by Sgt. Burkhammer to escort inmate Ruiz to Building 4 for Administrative Segregation (Ad-Seg) Unit placement. At approximately 1610 hours I removed inmate Ruiz from the THC P1 and escorted inmate Ruiz to the Ad-Seg Unit for rehousing in cell 4106. Upon returning to the A Facility Program Office I was instructed by Sgt. Burkhammer to escort inmate Mejia to Building 4 for placement in the Ad-Seg Unit. At approximately 1620 hours, I removed inmate Mejia from the THC A1 and escorted inmate Mejia to Ad-Seg Unit for rehousing in cell 4121. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) C. BURKHAMMER CORRECTIONAL SERGEANT | DATE RECEIVED 10/21/2019 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/2019 |

DISTRIBUTION:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE **1** Of **1**

INCIDENT LOG NUMBER
**CMC-AFAC-19-10-0364**

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| CALDERON | G. | A | 10/21/2019 | 1212 HOURS |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 211201 | A SEC. PAT. 1 | 12YRS. 3MO. | 10/21/2019 | FACILITY A YARD |

| RDO'S W/TH | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON AN INMATE ATTEMPTED HOMICIDE | CCR SECTION / RULE 3005(d)(1) | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ Primary | C/O Grey D. (S) | Mejia, M. (V)   (BG0799/1155) |
| ☒ Responder | | |
| ☐ Witness | | |
| ☐ Camera | | |
| ☐ Victim | | |
| ☐ Other: | | |

| ☒ N/A | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ Physical | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| ☐ X-10 BRD w/ OC | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

| FORCE OBSERVED BY YOU | ☒ N/A   ☐ Physical   ☐ Hand-Held Baton   ☐ Chemical Agent   ☐ X-10   ☐ Less Lethal   ☐ Lethal   ☐ Non-Conventional |
|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES | 9 pieces of clothing put in evidence locker#77 | | ☐ YES | ☒ YES |
| ☐ NO | ☐ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ Other: | |

NARRATIVE: On October 21, 2019, at approximately 1212 hours while performing my duties as A Facility Security Patrol #1 I heard a code 1 response via institutional radio, 3 on 1 fight on Adam Facility Yard. As I responded to the location of the incident, I observed Inmate MEJIA, MISAEL (BG0799/1155) laying on the ground attempting to get up. MEJIA appeared to be confused and dazed. I instructed MEJIA to stay on the ground and wait for Medical Staff to arrive. MEJIA complied with my orders. Once medical staff arrived I placed MEJIA in handcuffs and conducted a clothed body search for weapons or contraband with negative results. I escorted MEJIA into the Emergency Response Vehicle (ERV) MEJIA was transported to The East Treatment &Triage Area (TTA) and was treated by Medical Staff for his wounds. I collected MEJIA's clothing1 article at a time and placed each item in a separate paper bag. As I was collecting MEJIA's clothing for evidence C/O D. Grey was photographing MEJIA's Injuries MEJIA was issued clean state clothing. Once I had collected all evidence I placed all 9 bags into the CMC- East Facility Evidence Room locker# 77. I then returned to the TTA and escorted MEJIA to The Administrative Segregation Unit (AD SEG) where he was placed in cell 4255. I returned back to A Facility to resume my post; this concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # 75622▓▓▓ | DATE 10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED 10/21/19 | CLARIFICATION NEEDED ☐ YES   ☒ NO | APPROVED ☒ YES   ☐ NO | DATE 10/21/19 |

DISTRIBUTION:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 10/15)

PAGE **1** Of **3**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME:   LAST<br>GREY | FIRST<br>D. | | MI<br>D. | DATE OF INCIDENT<br>10/21/2019 | TIME OF INCIDENT<br>1212 HOURS |
|---|---|---|---|---|---|
| POST #<br>281904 | POSITION<br>S ISU 4 | YEARS OF SERVICE<br>23YRS. 10MO. | DATE OF REPORT<br>10/22/2019 | LOCATION OF INCIDENT<br>FACILITY A YARD | |
| RDO'S<br>S/S/H | DUTY HOURS<br>0730-1530 | DESCRIPTION OF CRIME / INCIDENT<br>BATTERY ON INMATE ATTEMPTED HOMICIDE | | CCR SECTION / RULE        ☐ N/A<br>3005-(d)(1) Force or Violence | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☐ Primary | | (V) MEJIA, Misael (BG0799) | (S) MEIJA, Jorge (BC2946) |
| ☒ Responder | | (S) RUIZ, Victor (AK1303) | |
| ☐ Witness | | (S) Lopez, John (BJ4975) | |
| ☒ Camera | | (S) BIRDSALL, William (V80187) | |
| ☐ Victim | | (S) CHAVEZ, Luis (AN4481) | |
| ☐ Other: | | | |

**☒ N/A      FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE**

| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
|---|---|---|---|---|---|---|---|---|
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD<br>w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| ☐ X-10 BRD<br>w/ OC | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

| FORCE OBSERVED BY YOU | ☒ N/A   ☐ Physical   ☐ Hand-Held Baton   ☐ Chemical Agent   ☐ X-10   ☐ Less Lethal   ☐ Lethal   ☐ Non-Conventional | | |
|---|---|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES<br>☐ NO | Evidence Photos labeled DGP-1through DGP-13 / Evidence Items labeled EI-#1 through EI-#27<br>☐ N/A | DGP-1 through DGP-13 placed in the ISU case file / EI-#1 Through EI-#27 placed in ISU Main<br>☐ N/A | ☐ YES<br>☒ NO | ☒ YES<br>☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY     ☒ N/A<br>☐ UNKNOWN<br>☐ Other: | ☐ YES<br>☒ NO |

**NARRATIVE:**

On Monday, October 21, 2019, at approximately 1212 hours, a Code Two response was initiated on the Facility A yard. The California Men's Colony (CMC) Investigative Services Unit (ISU) responded to assist with processing the crime scene. I responded to the CMC East Medical Clinic where Inmate MEJIA, Misael (BG0799) was being treated for multiple wounds he received during this incident. I took a series of nine (9) evidentiary photographs to document MEJIA's injuries. The photographs are illustrated and labeled as follows:

DGP-1: Depicts an image of MEJIA's facial are illustrating mutual redden areas to his forehead and upper lip

DGP-2: Depicts a close up image of MEJIA's facial are illustrating mutual redden areas to his forehead and upper lip

DGP-3: Depicts an image of the left side of MEJIA's facial are illustrating mutual redden areas to his forehead and upper lip

DGP-4: Depicts an image of the right side of MEJIA's facial are illustrating mutual redden areas to his forehead and upper lip

DGP-5: Depicts an image of MEJIA's back illustrating mutual puncture type wounds

DGP-6 through DGP-9: Depict image of mutual puncture type wounds to MEJIA's torso

Following the completion of the photographic documentation of MEJIA's wounds, I reported to the East Watch Office.

☒ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF<br>D. GREY | TITLE<br>CORRECTIONAL OFFICER | BADGE # / ID #<br>54398█ | DATE<br>10/22/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE)<br>C. BURKHAMMER CORRECTIONAL SERGEANT | DATE RECEIVED<br>10/22/2019 | CLARIFICATION NEEDED<br>☐ YES  ☒ NO | APPROVED<br>☒ YES  ☐ NO | DATE<br>10/22/2019 |

DISTRIBUTION:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

PAGE **1** Of **2**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME: LAST CURRY | FIRST J. | MI M. | DATE OF INCIDENT 10/21/2019 | TIME OF INCIDENT 1212 |
|---|---|---|---|---|

| POST # 210100 | POSITION A PROGRAM LT | YEARS OF SERVICE 15 YRS. 12 MO. | DATE OF REPORT 10/21/2019 | LOCATION OF INCIDENT FACILITY A, YARD |
|---|---|---|---|---|

| RDO'S T/W | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT Battery on an Inmate Attempted Homicide | CCR SECTION / RULE 3005 (d) (1) | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☐ Primary | (S) SGT C. Burkhammer | (S) MEJIA, J. | (BC2946) |
| ☒ Responder | (S) Officer C. Calderon | (V) MEJIA, M. | (BG0799) |
| ☐ Witness | (S) Officer D. Grey | (S) BIRDSALL, W. | V80187 |
| ☐ Camera | (S) Officer J. Salinas | | |
| ☐ Victim | | | |
| ☒ Other: Incident Commander | | | |

| ☒ N/A | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| ☐ X-10 BRD w/ OC | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| | ☐ Shotgun | | | ☐ HFWRS | | | | |
| ☐ Non-Conventional or Force Not Listed Above: | | | | | | | | |

| FORCE OBSERVED BY YOU | ☒ N/A ☐ Physical ☐ Hand-Held Baton ☐ Chemical Agent ☐ X-10 ☐ Less Lethal ☐ Lethal ☐ Non-Conventional |
|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☐ UNKNOWN ☐ Other: | ☒ N/A | ☐ YES ☒ NO |

NARRATIVE: On October 21, 2019, at approximately 1212 hours while performing my duties as the A Facility Program Lieutenant, I heard over the institutional Radio for a code One Response on the Facility A Yard. As I responded, I observed an inmate later identified as MEJIA, M. (BG0799) sitting in the middle of the facility Yard with Officer C. Calderon standing next to him. As I approached Officer Calderon he apprised me that MEJIA was a victim of a battery and an Emergency Transportation Vehicle (ERV) was enroute to transport him (MEJIA) to the East Treatment and Triage area (TTA). I was advised by Sergeant C. Burkhammer he observed MEJIA, J. (BC2946) run towards the incident site from the basketball court area during the incident and retrieved an unknown object which inmate BIRDSALL, W. (V80187) had tossed to him and run towards the perimeter wall and throw the object over the wall. I observed the ERV transporting MEJIA (BG0799) to the east TTA. I started to respond to the East TTA and simultaneously radioed for the CMC Investigative Services Unit (ISU) to respond to Facility A. As ISU responded, I advised ISU Officer J. Salinas of the unknown object MEJIA (BC2946) had thrown, over the perimeter wall and to search, the immediate area for a potential weapon. When I arrived at the East TTA, I observed ISU Officer D, Grey

☒ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL LIEUTENANT | BADGE # / ID # 66283 | DATE 10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) C. Burkhammer Correctional Sgt. | DATE RECEIVED 10/21/19 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10-21-19 |

DISTRIBUTION: Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 2 | Of | 2 | INCIDENT LOG NUMBER<br>CMC-AFAC-19-10-0364 |
|---|---|---|---|---|

| NAME: LAST<br>CURRY | FIRST<br>J. | | MI<br>M. |
|---|---|---|---|

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT          ☐ CLARIFICATION OF REPORT          ☐ ADDITIONAL INFORMATION

NARRATIVE:

collecting photographic evidence of MEJIA's (BG0799) injuries. I could clearly see MEJIA had approximately 7 puncture wounds to his back area. As I responded back to Facility A program office, I was advised by ISU Officer Salinas, he had discovered an inmate manufactured weapon in the vicinity were MEJIA (BC2946) had thrown the unknown object over the perimeter fence. I apprised Sergeant Burkhammer of the weapon discovered and then assumed my role as the Incident Commander.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE<br>CORRECTIONAL<br>LIEUTENANT | BADGE # / ID #<br>66283 - ▓▓▓ | DATE<br>10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE)<br>C. Burkhammer Correctional Sergeant | DATE RECEIVED<br>10-21-19 | CLARIFICATION NEEDED<br>☐ YES  ☒ NO | APPROVED<br>☒ YES  ☐ NO | DATE<br>10-21-19 |

DISTRIBUTION:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 2 | Of | 3 | INCIDENT LOG NUMBER |
| --- | --- | --- | --- | --- |
| | | | | CMC-AFAC-19-10-0364 |

| NAME:   LAST | FIRST | | MI |
| --- | --- | --- | --- |
| GREY | D. | | D. |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT          ☐ CLARIFICATION OF REPORT          ☐ ADDITIONAL INFORMATION

**NARRATIVE:**

I was informed that Inmate RUIZ, Victor (AK1303) was suspected of battering MEJIA. An unclothed body search was conducted to determine if RUIZ had any injuries and if he possessed any contraband. The results of this search revealed RUIZ had no injuries and was negative for contraband.

I collected two items of clothing RUIZ was wearing for evidentiary value. The evidence items are labeled as follows:

EI#1: White Tee Shirt

EI#2: Gray athletic shorts

Following the evidence collection, I was informed that Inmate Lopez, John (BJ4975) was involved battering MEJIA. An unclothed body search was conducted to determine if LOPEZ had any injuries and if he possessed any contraband. The results of this search revealed LOPEZ had no injuries and was negative for contraband.

I collected two items of clothing LOPEZ was wearing for evidentiary value. The evidence items are labeled as follows:

EI#3: White Tee shirt with suspected blood stains

EI#4: Gray athletic shorts

I reported to Room B109 located in Facility A, to collect evidence from inmates who were identified as battering MEJIA.

An unclothed body search was conducted to determine if Inmate BIRDSALL, William (V80187) had any injuries and if he possessed any contraband. The results of this search revealed BIRDSALL had no injuries and was negative for contraband. I collected the clothing that Inmate BIRDSALL was wearing for evidentiary value. The evidence items are labeled as follows:

EI#5: Gray T- shirt

EI#6: Blue state pants

EI#7: One left athletic shoe (Nike white in color)

EI#8: One right athletic shoe (Nike white in color)

EI#9: Left sock white in color

EI#10: Right sock white in color

EI#11: Boxers white in color

I was informed that Inmate CHAVEZ, Luis (AN4481) was also suspected of battering MEJIA. An unclothed body search was conducted to determine if CHAVEZ had any injuries and if he possessed of any contraband. The results of this search revealed CHAVEZ had no injuries and was negative for contraband. I collected the clothing that CHAVEZ was wearing for evidentiary value. The evidence items are labeled as follows:

EI#12: One gray bandana

EI#13: T-shirt white in color

EI#14: Tank top white in color

EI#15: ~~Atethie~~ ATHLETIC SHORTS shorts gray in color

EI#16: One left shoe black in color

EI#17: One right shoe black in color

EI#18: One left sock white in color

EI#19: One right sock white in color

EI#20: Boxers white in color

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # / ID # | DATE |
| --- | --- | --- | --- |
| D. GREY | CORRECTIONAL OFFICER | 54398 | 10/22/2019 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | CLARIFICATION NEEDED | APPROVED | DATE |
| --- | --- | --- | --- | --- |
| C. BURKHAMMER CORRECTIONAL SERGEANT | 10/22/2019 | ☐ YES ☒ NO | ☒ YES ☐ NO | 10/22/2019 |

DISTRIBUTION:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 3 | Of | 3 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | CMC-AFAC-19-10-0364 |

| NAME:   LAST | FIRST | MI |
|---|---|---|
| GREY | D. | D. |

**TYPE OF INFORMATION:**

☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

**NARRATIVE:**

I was informed that Inmate MEJIA, Jorge (BC2946) was also suspected of battering Inmate MEJIA, Misael (BG0799). An unclothed body search was conducted to determine if MEJIA, Jorge had any injuries and if he was in possession of any contraband. The results of this search revealed MEJIA, Jorge had no injuries and was negative for contraband.

I collected the clothing that Inmate MEJIA, Jorge was wearing for evidentiary value. The evidence items are labeled as follows:

EI#21: State shirt blue in color

EI#22: State pants blue in color

EI#23: One boot left brown in color

EI#24: One boot right brown in color

EI#25: One sock left white in color

EI#26: One sock right white in color

EI#27: Boxer shorts white in color

I reported to the Facility A yard and photographed the crime scene area.

The photographs are illustrated and labeled as follows:

DGP-10 through DGP-13: Depict an overall view of the crime scene.

Following the completion of the photographic documentation of the Facility A yard, I reported to the ISU office. I placed the Evidence Items labeled EI#-1 thorough EI#-27 into ISU Main. I uploaded the evidence photographs labeled DGP-1 through DGP-13 into ISU case file.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # / ID # | DATE |
|---|---|---|---|
| D. GREY | CORRECTIONAL OFFICER | 54398 | 10/22/2019 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | CLARIFICATION NEEDED | APPROVED | DATE |
|---|---|---|---|---|
| C. BURKHAMMER CORRECTIONAL SERGEANT | 10/22/2019 | ☐ YES  ☒ NO | ☒ YES  ☐ NO | 10/22/2019 |

DISTRIBUTION:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE **2** Of **3**

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME:   LAST | FIRST | MI |
|---|---|---|
| SALINAS | J. | L. |

**TYPE OF INFORMATION:**
☒ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATION

**NARRATIVE:**

a blue cloth material was fashioned to the looped side of the weapon as a makeshift handle. Additionally, a strip of a light colored tape material was wrapped around the blue cloth handle. The weapon had an approximate diameter of three sixteenths (3/16) of an inch with an overall length of approximately three and three quarters (3 ¾) of an inch.

After collecting the weapon, I returned to the East Facility ISU Office and secured the item into ISU Evidence Locker #7.

During the process of collecting the weapon, which I marked with Evidence Placard #1, I took a series of six (6) photos labeled JSP-1 through JSP-6. The photographs are as follows:



JSP-1



JSP-2



JSP-3



JSP-4

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # 63101/ | DATE 10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) C. Burkhammer Sergeant | DATE RECEIVED 10/21/19 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/19 |

DISTRIBUTION:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATIO

| PAGE | 3 | Of | 3 |
| --- | --- | --- | --- |

INCIDENT LOG NUMBER
CMC-AFAC-19-10-0364

| NAME:  LAST | FIRST | | MI |
| --- | --- | --- | --- |
| SALINAS | J. | | L. |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT        ☐ CLARIFICATION OF REPORT        ☐ ADDITIONAL INFORMATION

**NARRATIVE:**



JSP-5                                                    JSP-6

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # 63101/ | DATE 10/21/2019 |
| --- | --- | --- | --- |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | CLARIFICATION NEEDED | APPROVED | DATE |
| --- | --- | --- | --- | --- |
| C. Burkhammer-Srgd | 10/21/19 | ☐ YES ☒ NO | ☒ YES ☐ NO | 10/21/19 |

DISTRIBUTION:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | **1** | Of | **1** | INCIDENT LOG NUMBER CMC-AFAC-19-10-0364 |
|---|---|---|---|---|

| NAME: LAST LUND | FIRST S | | MI P | DATE OF INCIDENT 10/21/2019 | TIME OF INCIDENT 1212 |
|---|---|---|---|---|---|

| POST # 211214 | POSITION BLDG 1 FLR 4 | YEARS OF SERVICE 17YRS. 02MO. | DATE OF REPORT 10/21/2019 | LOCATION OF INCIDENT FACILITY A YARD |
|---|---|---|---|---|

| RDO'S F/S | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT ATTEMPTED HOMICIDE | | CCR SECTION / RULE 3005(d)(1) ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ Primary | (S) SGT. C. BURKHAMMER | | (S) LOPEZ, J. | BJ4975 |
| ☒ Responder | (S) OFFICER C. O'DELL | | (S) BIRDSALL, W. | V80187 |
| ☐ Witness | | | (S) CHAVEZ, L. | AN4481 |
| ☐ Camera | | | (V) MEJIA, M. | BG0799 |
| ☐ Victim | | | | |
| ☐ Other: | | | | |

| ☒ N/A | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: | |
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | | |
| ☐ X-10 BRD w/ OC | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | | |
| | ☐ Shotgun | | | ☐ HFWRS | | | | | |

☐ Non-Conventional or Force Not Listed Above:

| FORCE OBSERVED BY YOU | ☒ N/A ☐ Physical ☐ Hand-Held Baton ☐ Chemical Agent ☐ X-10 ☐ Less Lethal ☐ Lethal ☐ Non-Conventional |
|---|---|

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ Other: | ☐ YES ☒ NO |

NARRATIVE: On October 21, 2019, at approximately 1212 hours, while conducting my duties as Building 1 Floor 4 Officer, I responded to a code one fight on Facility A yard, announced via institutional radio. Upon arriving I saw multiple inmates in a prone position in front of the Building 1 steps, identified as Inmate LOPEZ, J. (BJ4975), Inmate BIRDSALL, W. (V80187) and Inmate CHAVEZ, L. (AN4481) and a fourth inmate laying on the in the middle of the yard, later identified as Inmate MEJIA, M. (BG0799). I proceeded to handcuff Inmate LOPEZ while Officer C. O'Dell provided coverage. I performed a clothed body search with negative results for contraband. Correctional Sergeant C. Burkhammer instructed me to escort and place Inmate LOPEZ into a Temporary Holding Cell (THC). I then escorted Inmate LOPEZ to THC P3. I searched THC P3 with negative results for contraband. I placed Inmate LOPEZ in in THC P3 at approximately 1230 hours. Nursing staff arrived and conducted a CDCR 7219 MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE. I continued to provide observation of Inmate LOPEZ in the P3 Temporary Holding Cell until I was instructed by Sergeant C. Burkhammer to escort Inmate LOPEZ to Building 4 for ASU placement. At approximately 1610 hours I removed Inmate LOPEZ from the THC P3 and escorted Inmate LOPEZ to Administrative Segregation Unit for rehousing in cell 4199. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # 66081/ | DATE 10/21/2019 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) SERGEANT C. BURKHAMMER | DATE RECEIVED 10/21/2019 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 10/21/2019 |

DISTRIBUTION:   Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor



DGP-_13_
CMC-AFAC-19-10-0364
10-21-19
DG

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (Rev. 10/15)

| | | PAGE 3 Of 12 | INCIDENT LOG NUMBER |
|---|---|---|---|
| | | | CMC-AFAC-19-10-0364A1 |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| CMC | AFAC - FACILITY A | 10/21/2019 | 12:12 |

TYPE OF INFORMATION:

☐ SYNOPSIS OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☒ AMENDED INFORMATION    ☐ CLOSURE REPORT

SUSPECTS:
BIRDSALL, William (V80187)
CHAVEZ, Luis (AN4481)
CONTRERAS, Leonard (G45675)
LOPEZ, John (BJ4975)
MEJIA, Jorge (BC2946)
RUIZ, Victor (AK1303)

VICTIM:
MEJIA, M (BG0799)

USE OF FORCE:
None.

ESCORTS:
Correctional Officers M. Baxstresser conducted all escorts of CONTRERAS during this incident.
Correctional Officer G. Calderon conducted all escorts of MEJIA (BG0799) during this incident.
Correctional Officer S. Lund conducted all escorts of LOPEZ during this incident.
Correctional Officer C. O'Dell conducted all escorts of BIRDSALL during this incident..
Correctional Officer C. Orca conducted all escorts of CHAVEZ during this incident.
Correctional Officer E. Self conducted all escorts of MEJIA (BC2946) and RUIZ during this incident.

CRIME SCENE/EVIDENCE:
Correctional Sergeant C. Burkhammer determined a crime scene would be established as the criteria was met.
Officer C. O'Dell preserved the crime scene pending evidence collection. Investigation Service Unit (ISU) Officer D.
Grey photographed MEJIA (BG0799) injuries and the physical evidence inmate MEJIA was wearing in the East
Treatment and Triage Area (TTA). Officer J. Calderon collected the physical evidence MEJIA was wearing and
processed into the CMC East evidence room Locker #77. ISU Officer D. Grey Photographed and collected physical
evidence from BIRDSALL, CHAVEZ, LOPEZ, MEJIA (BC2946), RUIZ and the initial crime scene and processed it into
CMC ISU main. ISU Officer J. Salinas photographed and secured the weapon into ISU evidence locker #7. Officer C.
O'Dell Utilized the San Luis Obispo County District Attorneys Form #9 and provided BIRDSALL, CHAVEZ,
CONTRERAS, LOPEZ, MEJIA (BC2946) and RUIZ with their Miranda Rights. Once the physical and photographic
evidence was secured, Facility A was relinquished back to Supervisory Custody staff.

TEMPORARY HOLDING CELLS:
Temporary Holding Cells were utilized in this incident.

MEDICAL/MENTAL HEALTH EVALUATIONS/TREATMENT:
A Medical Report of Injury or Unusual Occurrence, (CDCR 7219), was completed on Inmate BIRDSALL by Licensed
Vocational Nurse (LVN) G. Githinji which noted no injuries.
A Medical Report of Injury or Unusual Occurrence (CDCR 7219), was completed on CHAVEZ by Licensed Vocational
Nurse (LVN) G. Githinji which noted minor injuries.
A Medical Report of Injury or Unusual Occurrence (CDCR 7219), was completed on CONTRERAS by Licensed
Vocational Nurse (LVN) G. Githinji which noted no injuries.
A Medical Report of Injury or Unusual Occurrence (CDCR 7219), was completed on LOPEZ by Licensed Vocational
Nurse (LVN) G. Githinji which noted no injuries.
A Medical Report of Injury or Unusual Occurrence (CDCR 7219), was completed on MEJIA (BC2946) by Licensed
Vocational Nurse (LVN) G. Githinji which noted no injuries.
A Medical Report of Injury or Unusual Occurrence (CDCR 7219), was completed on MEJIA (BG0799) by Registered
Nurse (RN) R. Amor which noted injuries.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL CDCR 837-A1

| NAME OF REPORTING STAFF (PRINT / TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| J CURRY | CORRECTIONAL LIEUTENANT | | 66283 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. INCIDENT SITE | DATE |
|---|---|---|
| | 7441 | 10/21/2019 |

| NAME OF WARDEN / AOD (PRINT / SIGN) | TITLE | DATE |
|---|---|---|
| J. GASTELO | WARDEN | 11-2579 |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | PAGE 4 Of 12 | INCIDENT LOG NUMBER CMC-AFAC-19-10-0364A1 |
|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| CMC | AFAC - FACILITY A | 10/21/2019 | 12:12 |

| TYPE OF INFORMATION: |
|---|
| ☐ SYNOPSIS OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☑ AMENDED INFORMATION   ☐ CLOSURE REPORT |

A Medical Report of Injury or Unusual Occurrence (CDCR 7219), was completed on RUIZ by Licensed Vocational Nurse (LVN) G. Githinji which noted no injuries.

SECURITY THREAT GROUP (STG):
This incident is not considered STG related.

CONCLUSION:
Inmate BIRDSALL, W. (V80187), Chavez, I. (AN4481), CONTRERAS, L. (G45675), LOPEZ, J. (BJ4975) and RUIZ, V. (AK1303)  will receive a Rules Violation Report (RVR), for violation of California Code of Regulations (CCR) Title 15 Section 3005 (d)(1)  specifically, "Battery on an inmate with a weapon, Attempted  Homicide". Inmate MEJIA, J. (BC2946) will receive a RVR for violation of (CCR) Title 15 Section 3006 (a) specifically, "Possession of a Weapon." Inmate MEJIA, M. (BG0799) was deemed the victim and will not receive a RVR.  Inmate BIRDSALL, CHAVEZ, CONTRERAS, LOPEZ, MEJIA, MEJIA, RUIZ were re-housed into CMC ASU.  This incident will be referred to the San Luis Obispo County District Attorney's Office for criminal prosecution.

NOTIFICATIONS:
This incident occurred during business hours, as such Facility A/C Captain S. Silva and the (A) Public Information Officer H. Cervantes was apprised of this incident.

The Current Amendment Record Number is CMC-AFAC-19-10-0364A1 Created on 11/01/2019 to correct the following errors:
837A: Various grammatical
837 A1 SUSPECTS: Inmate BURDSALL name amended to BIRDSALL
837B1: Classification Score for Inmate RUIZ
837B1: Amended Inmate BIRDSALL ETHNICITY from HIS to WHI
837B1: Added injuries to Inmate MEJIA, BG0799, Abrasion/scratch  right side of back Active Bleeding, Bruise/Discolored area and Swollen Area, face.
837B2: Corrected Officer M. Mangayao's ID #

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL CDCR 837-A1

| NAME OF REPORTING STAFF (PRINT / TYPE) J CURRY | TITLE CORRECTIONAL LIEUTENANT | ID # | BADGE # 66283 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 7441 | DATE 10/21/2019 |
| NAME OF WARDEN A/D (PRINT / SIGN) J. GASTELO | | TITLE WARDEN | DATE 11-25-19 |

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY**
**OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

MENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | | DATE |
|---|---|---|---|
| CMC | Plaza Holding Cell | | 10/21/19 |

REASON FOR REPORT  ☐ ALLEGATION   ☐ ON THE JOB INJURY   ☐ USE OF FORCE   ☐ INJURY   ☐ OTM RETURNS
☒ UNUSUAL OCCURRENCE   ☒ PRE AD/SEG ADMISSION   ☐ R&R   ☐ OTHER ____

| NAME   LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|
| Ruiz | Victor | AK1303 | N/A | N/A |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| A Yard | 10/21/19 | 1212 | 1340 | Pittavelli   1340 @ 1400 | N/A |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"No Comment" c/o stated

| INJURIES FOUND?   YES / NO |  |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
|  | 18 |

Chemical Agent
Exposure?   YES / NO

Chem. Agent
Exposure Area    EX

Decontaminated w/ Water?
YES / NO / REFUSED

Decontaminated w/ Air?
YES / NO / REFUSED

Self-decontamination
Instructions given ?   YES / NO

Staff issued
Exposure packet ?   YES / NO

Q 15 min. check times

| Initial | N/A | 1ʳᵗ Check | N/A |
|---|---|---|---|
| 2ⁿᵈ Check | N/A | Final | N/A |

TIME/DISPOSITION
1430 RTC

Right

Left

Front

Back

Pre-Ad Seg Questionnaire
in CERNER Completed

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | | PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|---|---|
| P. Githinji | Phillip M. | 9724 | F/S | VN048 |

## ﹙ ﹒LIFORNIA MEN'S COLOI﹙
### at SAN LUIS OBISPO

## *NOTICE OF RIGHTS*

Inmate  **BIRDSALL, WILLIAM**_____ , CDC Number    **V80187**_____ ,

because you are suspected of ﹙  **ATTEMPTED HOMICIDE**_____

I wish to ask you some questions.  It is my duty to inform you that:

1.  You have the right to remain silent.

2.  Anything you say can and will be used against you in a court of law.

3.  You have right to talk to an attorney and have him present, with you, while you are being questioned.

4.  If you cannot afford to hire an attorney, one will be appointed to represent you before any questioning, if you wish

5.  You can decide at any time to exercise these rights and not answer any questions or make any statements.

6.  A Rules Violation Report (CDC 115) is being submitted, and this matter is being referred to the San Luis Obispo County District Attorney's Office for possible felony prosecution.

    1.  Do you understand each of these rights I have explained to you?

    2.  Having these rights in mind, what do you wish to do?

| 1450 | 10-21-19 | C. O'... |
|------|----------|----------|
| Time | Date | Signature of Interviewer |

I understand that I have each of the rights explained above, and having them in mind, I

☐ **WISH TO WAIVE** them and will answer questions and/or make a statement.

| | | |
|---|---|---|
| Inmate's Signature | CDC Number | Date Signed |

☒ **DO NOT WISH TO WAIVE** them and choose to remain silent.

*Refused to Sign*

| | | |
|---|---|---|
| Inmate's Signature | CDC Number | Date Signed |

**WITNESSED BY:**

| 1450 | 10-21-19 | C. BURKHAMMER | C... |
|------|----------|---------------|------|
| Time | Date | Printed Name | Signature of Witness |

☒ *Subject refused to sign.*

|  |
|---|
| C. O'... |
| Signature of Interviewer |



DGP-/2
CMC-AFAC-19-10-0364
10-21-19
DG



DGP- //
CMC-AFAC-19-10-0364
10-21-19
DG

Exhibit: G



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# RVR SUPPLEMENTAL

| CDC NUMBER<br>V80187 | INMATE'S NAME<br>BIRDSALL, WILLIAM R. | FACILITY<br>CMC-Facility A | LOG NUMBER<br>000000006924398 | DATE<br>12/01/2019 |
|---|---|---|---|---|

◌ SUPPLEMENTAL REPORT ◉ INVESTIGATIVE REPORT ◌ STAFF ASSISTANT REPORT

Investigative Employee (IE) Report

Investigative Employee Report: On 11/28/2019, at 0936 hours, I was assigned as Investigative Employee for the RVR Log #6924405. I informed Inmate Birdsall, W (V80187) of my assignment as the Investigative Employee, and further explained my duties as fact finder for the Senior Hearing Officer. Inmate Birdsall stated that he had no objections to my serving in this capacity.

Inmate Birdsall Statement: On 11/29/2019, I interviewed Inmate Birdsall regarding the disciplinary charges and asked him if he had a statement or questions, and he stated: "Yes."

Inmate Birdsall had the following questions:

For Correctional Officer C. O'Dell:
Q1: "On October 21st, 2019 you initiated A Code One Response does that mean you were the first officer to witness the Battery?
A1: "I believe so"
Q2: "You observed 3 Inmates fighting; did you see any other Inmates run towards the incident or away from the incident besides the 3 Inmates?"
A2: "No"

For Correctional Officer M. Mangayao
Q1: "On October 21st 2019, you stated in your report that you heard a Code One Response to A Yard. So that means some other officers seen the incident before you did?"
A1: "I saw the incident first that's why I called the code one response"
Q2: "How is it possible that you are the only Correctional Officer who seen 5 Inmates and numerous other officers seen 3 Inmates?"
A2: "The Tower has a better view of the yard, that's how I saw all 5 Inmates Involved"
Q3: "Are you willing to testify under oath what you witnessed?"
A3: "Yes"
Q4: "Are you aware that it's a crime to file a false report?"
A4: "The Senior Hearing Officer found this question to be irrelevant."

For Correctional Counselor T. McRoberts
Q1: "On October 21st you state you heard a Code One Response to A Yard and saw responding officers running towards the Inmates fighting approximately how far away from the incident were the responding Officers?"
A1: "The Senior Hearing Officer found this question to be irrelevant.
Q2: "You stated as responding staff got closer you say Inmate Mejia BC2946 run from the Basketball/Handball court area towards Inmate Birdsall (V80187). The responding officers were still running towards the incident. Approximately how far away from the incident were the responding officers?"
A2: "Yes they were still responding and I do not know how far away they were from the incident at that point."
Q3: "You stated Inmate Birdsall (V80187) temporarily stopped his attack and walked toward Inmate Mejia (BC2946) yelling to him "Here, Here" and Inmate Birdsall V80187 tossed Mejia an unknown object, Inmate Mejia bobble the Item Inmate Birdsall returned to the victim, punching the victim with his fist. Then he started kicking the victim with his boot. When all this was taking place where was the responding staff, still running towards the incident? Approximately how far away from the incident were the responding officers?"
A3: "Yes, they were still responding. I do not know how far they were from the incident."
Q4: "What Color was the boots Inmate Birdsall (V80187)?"

A4: "Brown"
Q5: "At what time was the yard recalled?"
A5: "The Senior Hearing Officer found this question to be irrelevant."

For Registered Nurse Amor-Walker
Q1: "Was the injuries Inmate Mejia (BG0799) suffered considered life threatening?"
A1: "I am not able to make that determination at my level."
Q2: "Did Inmate Mejia (BG0799) suffer injuries that would be considered serious bodily Injury?"
A2: "I am not able to make that determination at my level."

For ISU Correctional Officer J. Salinas
Q1: "On the incident that occurred on October 21st 2019 you discovered an Inmate Manufactured Weapon, when was the last time that area had been searched?"
A1: "I do not know"
Q2: "You processed the evidence, did you check for fingerprints?"
A2: "When I sealed the weapon in the sharps container I marked it to be tested for latent prints"
Q3: "Was Inmate Birdsall's fingerprints discovered on the alleged weapon?"
A3: "I do not have the results."
Q4: "Did the alleged weapon have blood on it consistent with being used during a battery?"
A4: "There was no visible blood on the weapon."
Q5: "If so did it match the victims Inmate Mejia?"
A5: "I do not have the results at this time."

For ISU Correctional Officer D. Grey
Q1: On October 21st 2019 you took several photos of Inmate Birdsall for evidence purposes (not the photos of my tattoos), where are those photos?"
A1: There were no visible signs of injury since they had no evidentiary value and I did not use them."
Q2: "What shoes was Inmate Birdsall wearing and did they have blood on them?"
A2: "They have not been tested as of yet, that decision will be up to the District Attorney."

Inmate Birdsall also stated "I am requesting 2 items be presented at my hearing. Not just photos, physical evidence. The shoes I was wearing and the alleged weapon"

I asked Inmate Birdsall if there were any other questions he had to which he stated "No"

| SIGNATURE OF WRITER: | | |
|---|---|---|
| L. Buffaloe | TITLE:<br>CORRECTIONAL OFFICER | DATE:<br>12/01/2019 |

CDCR SOMS ISST122 – RVR SUPPLEMENTAL

**CALIFORNIA MEN'S COLONY STATE PRISON**
**P.O. BOX 8101**
**SAN LUIS OBISPO, CA  93409-8101**

Name: Victor Ruiz

CDCR #: AK1303  Cell #: 4158

# STATE PRISON
# GENERATED MAIL

Confidential
legal mail



CALIFORNIA MENS
COLONY STATE
PRISON GENERATED
MAIL

neopost
04/12/2021
US POSTAGE $008.55⁰

PRIORITY MAIL

ZIP 93409
041M12250476





RECEIVED
CLERK, U.S. DISTRICT COURT

APR 1 4 2021

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

United States District Court
Central District of California
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012


ATTENTION: PRO SE CLERK

J. LOVETT 4/8/20