

1  Victor Ruiz Pro se
2  6247 State St
   Huntington Park CA,90255
3

4

5              FOR THE UNITED STATES DISTRICT COURT

6                 FOR THE CENTRAL DISTRICT COUR

7                      WESTERN DVISION

8  **VICTOR RUIZ,**              Case No.:
           **Plaintiff,**
9                                 2:21-CV-03300-DSF-RAO

10 vs.
                              **PLAINTIFF DECLARATION IN**
11 **CORRECTION OFFICER STOUT ET AL,**  **SUPPORT OF OPPOSITION TO**
           **Defendant**       **MOTION TO SUMMARY JUDGMENT**
12

13

14     I, Victor Ruiz declare as follows:
15

16      I am the Plaintiff in the above-entitled case. I have personal knowledge of the following
17 facts, and, if called as a witness, I could and would competently testify thereto.
18

19      The defendants are not entitled to summary judgment because there are genuine issues of
20 material facts to be resolved
21      I first I arrive in prison in October of 2011 to start my 14 years sentence and learn how to
22 adapt to prison life soon after I learn about all the corruption withing the prison system I
23 personally witnessed correctional officers beating inmates' especially when inmates, talked back
24 to officers or make complaints officers would often fabricate reports, falsely claiming that
25 inmates had attempted to hit them to justify their beatings. Inmates accounts were often
26 disregarded, and it was remarkably easy for a correctional officer's testimony to lead to a guilty
27 verdict with the guide line of the preponderance of the evidence all you need is a correctional
28

PLAINTIFF DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SUMMARY JUDGMENT - 1

officer to testify against you and they will find you guilty it is so easy for officer to get away with.

I have also seen instances where correctional officers did not come to the aid of inmates in imminent danger. Some officers even brought contraband items like drugs, cellphones, and explicit photographs in to the prison, and there were discussions about orchestrating assaults on inmates and getting rid of them. Correctional officers appeared to a camaraderie that led them to protect each other, even when they were in the wrong.

By the time I arrived at California Men's Colony I have been in the custody CDCR approximately 5 years so I was familiar with the way Correctional Officers operated.

On May 20, 2019 Sergeant Burkhammer called me for an interview regarding my complaint against Correctional Officer Stout. Initially he acted as if he didn't understand what I was talking about. However, when I explained my complaint, he quickly grasped the situation. He asserted that they were aware of my medical condition and that officer Stout would no longer deny me breakfast. He demanded that I withdraw my complaint. What I wanted was for my complaint to be documented for the record or at least reviewed by a higher authority, as officer Stout had been denying food for an extended period. I reminded Sergeant Burkhammer that it was my Constitutional right.

At this point, he became extremely upset, and he began to threaten me. He claimed that he would search my cell thoroughly and find something that would lead to a lengthy sentence if I didn't withdraw the complaint. He made it clear that he did not want to see anything happen to me. Feeling helpless and frightened, I accepted a "chrono" and withdrew the complaint.

Inmate Birdsall work in the office and heard the interview and approached me and told me and he was kind enough to give me a declaration attached to this declaration is inmate Birdsall declaration as exhibit (1)

After that he would still continue to threaten me verbally from May all the way to October 2019 so I would try to avoid him as much I can but our paths still crossed, and he would reiterate that I Should not disclose anything to anyone, implying consequences I if did.

PLAINTIFF DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SUMMARY JUDGMENT - 2

1          Around September, a jailhouse lawyer was assisting me in filing a lawsuit against Officer

2   Stout and Sergeant Burkhammer. In late September or early October, when I went to use the

3   restroom, Sergeant Burkhammer unexpectedly entered and ordered me to stand against the wall.

4   He subjected me to a strip search and accused me of thinking he wouldn't find out about

5   something. I denied any wrongdoing, but he forcefully pushed me against the wall and struck me

6   in the stomach. He continued to threaten me, warning that he would continue to harm me and

7   make sure I suffered consequences. I feared that he might fabricate a report and transfer me to

8   administrative segregation. Ultimately, he made it clear that I needed to make all of this

9   disappear, referring to the lawsuit.

10          On October 21, 2019, a fight broke out in the prison yard, prompting officials to put the

11   yard on lockdown. After they called a "code one" response over the loudspeaker, they

12   apprehended the suspects and began checking all inmates for weapons as a precaution before

13   returning them to their assigned housing cells. I was sitting, waiting to be cleared to return to my

14   cell when Sergeant Burkhammer saw me. He immediately instructed Officer Self to handcuff

15   me. I told Sergeant Burkhammer that I hadn't been involved in the fight, but he ignored me. I

16   was taken to a holding cell. Officer Mangayao passed by, and I asked him if he had seen me

17   involved in the fight. He initially said no but later, while talking to Sergeant Burkhammer, he

18   made a throat-cutting gesture, indicating that I was identified as a suspect and charged with

19   attempted murder.

20          A declaration of David Wyatt is attached as exhibit (2). and attached is Sergeant

21   Burkhammer complaint as exhibit (3) from another inmate alleging how Sergeant Burkhammer

22   was threatening him

23          I vividly remembered Sergeant Burkhammer's threats of "I will get you" and "you are

24   going away for a long time" I was devastated and crushed I had less than a year from my

25   sentence to go home and had no reason to engage in such foolish act when upon receiving false

26   report I noticed numerous inconsistencies, These included the way they communicated between

27   Officer Mangayao and Burkhammer how they pick me up 30 minutes later after the fight how

28   there was no evidence at all indicating I was involve and how officer Mangayao put me in the

PLAINTIFF DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SUMMARY JUDGMENT - 3

crime scene when I was never there by saying two officer told me to move to the tennis court not knowing I was involve this is a direct lie that's why I challenge him and asked him to identify the officer who told me to move to the tennis court of course he answer I don't remember because this never happen see exhibit (4) Plaintiff interrogatories to Officer Mangayao all the discrepancies and inconsistent exist not by coincidence but because it never happen and the San Luis Obispo district attorney new this upon further review that's why they dismiss my case I would of cause  their case harm if they would of made to the choice to prosecute me because officer Mangayao statements  lacked credibility

As I said earlier it is so easy to write a false report, preponderance of the evidence does not require any direct evidence but only the testimony of the Officer and once, they testify against you an inmate stand no chance in his disciplinary hearing and this is exactly what happen to me they found me guilty base on Mangayao testimony

The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial, support a judgment in my favor, explained in the brief submitted with this declaration

I declare under penalty of perjury that foregoing is true and correct and that this declaration was executed on September 21, 2023 in Los Angeles, California

PLAINTIFF DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SUMMARY JUDGMENT - 4

# Exhibit 1

1  Victor Ruiz Prose

2          United States District Court

3          Central District of California

4  VICTOR RUIZ

5          Plaintiff          Case: 2:21-CV-03300-DSF-RAO

6

7  CORRECTION OFFICER          Declaration of William Birdsall

8  STOUT

9          Defendant et al

10  I have been incarcerated at California Mens Colony Since Aug

11  23rd 2018  from Oct 2018 - Oct 2019 I held a Clerk

12  Position Located Within facility A Program office.

13  My work area is Located Right Next to Sgt. C Birckhammer

14  office. In that Time I heard him Conduct Several

15  602 Appeal hearings He would become Very upset if an

16  Inmate wouldn't Withdrawl his Appeal. He would

17  Threaten them in Several Different ways. He was

18  in a Supervisor Position And would Simply Call the

19  Officers in that building And have Them Search that

20  Building. He would intentionally wait a few Days Then have

21  them officers Search every Cell under The Pretense That

22  it was A Primo Sweep. I would hear him tell the

23  Officer make Sure to Search whatever Cell Good.

24

25      I Seen Ruiz, Walk in to The Program office

26  Sgt. Birckhammer informed Me That he had Called

27  for Ruiz for An Appeal Hearing. He Stated That

28  Ruiz is Always Crying about Something That

1  he was tired of him Putting Paperwork. The Sgt. door was
2  Open. I was at My Work Area Doing My assigned duties
3  not Really Pay An Mind to That But I heard
4  Sgt. Berkhammer began to Raise his Voice, and Pencl on
5  the Desk Saying you Don't want to Be On My Roster.
6  I will Make Things hard for you and Search your
7  Cell. He Then Stated That he Would hate to
8  See Anything happen. Then IT got Quiet, And
9  2 or 3 minutes later Ruiz left The Office.

11  I declare under Penalty of Perjury that the foregoing
12  is true and Correct. Executed at San Luis ~~obispo~~ Obispo, Ca
13  On March 21st 2021

15                                    Signed by William Birdsall

17
18                                                    3/21/21

# Exhibit 2

1    Victor Ruiz Pro Per
     6247 State St
2    Huntington Park, CA 90255

3

4                    IN THE UNITED STATES DISTRICT COURT

5                      FOR THE CENTRAL OF CALIFORNIA

6                            WESTERN DIVISION

7    VICTOR RUIZ,                          Case No.: 2:21-CV-0330-DSF-RAO

8                   Plaintiff,

9    vs.                                   DECLARATION OF DAVID WYATT

10   CORRECTION OFFICER STOUT, ET AL.,

11              Defendant

12

13          I, David Wyatt, declares as follow:

14          I have been incarcerated at California Mens Colony. I worked as a Plummer. I would go to different yards

15   upon request orders for pluming service, specifically on 10/21/19. I was on A yard I observed Victor Ruiz

16   socializing informally in the tennis court area between the Basketball courts a brief period of time passed. I saw

17   inmates fighting in the middle of the yard, and then I heard on the intercom speaker "all inmates down". I witnessed

18   Victor Ruiz sitting down following orders meanwhile inmates where fighting. I then saw Correctional Officers

19   placing handcuffs on inmates involved in the fighting a long time passed then I saw Correctional Officers

20   approaching Victor Ruiz, and they hand cuffed him and escorted him out the yard.

21          I declare under penalty and perjury that the foregoing is true and correct executed in Los Angeles,

22   California

23

24

25

26

27

28

DECLARATION OF DAVID WYATT - 1

# Exhibit 3

# CONFIDENTIAL

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

IAB USE ONLY

**CMC-E 20-00330 1**

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.         WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First):          CDC Number:      Unit/Cell Number:   Assignment:

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Inexcusable Neglect of Duty

A. Explain your issue (if you need more space, use Section A of the CDCR 602-A): On 1-21-2020 a Sgt. C. Buckhammer conducted 2t interview with the Appellant re-garding staff complaint log No. CMC-E

B. Action requested (if you need more space, use Section B of the CDCR 602-A): For this Log to be processed in accordance with cder policies and procedures of c.c.r. Title 15, sec. 3084.9(i); D.o.m. sections'

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g. CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

1858

☒ No, I have not attached any supporting documents. Reason: The subject of these interviews (602 log No. cmc-E-20-00130) is on file and these interviews were never

Inmate/Parolee Signature:          Date Submitted: 1-23-2020
☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only          Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction) Date:      Date:      Date:      Date:
☐ Cancelled (See attached letter) Date:
☐ Accepted at the First Level of Review.
   Assigned to:        Title:        Date Assigned:        Date Due:
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
       Date of Interview:        Interview Location:
Your appeal issue is:  ☐ Granted  ☐ Granted P   Denied  Other:
       See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer:        Title:        Signature:        Date completed:
       (Print Name)
Reviewer:        Title:        Signature:
       (Print Name)
Date received by AC:

AC Use Only
Date mailed/delivered to appellant ___/___/___

**BYPASS**

JAN 2 4 2020
CMC APPEALS OFFICE

STAFF USE ONLY

# CONFIDENTIAL

AGPRIV0100

# CONFIDENTIAL

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

IAB USE ONLY


CMC-E 20-00839   1

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First):                              CDC Number:          Unit/Cell Number:        Assignment:
                                                                                              PFK Store

**A. Continuation of CDCR 602, Section A only (Explain your issue):** 20-00139 regarding
this office staffer interfering with
the appellant's constitutional rights to
court Access in which this sergeant
acted as if he didn't understand
the Allegations and or how to respond
to them and postponed this matter.
Now on Jan. 20, 2020 Lt. T. March at-
tempted to manipulate the Appeal
process by having the appellant with-
draw this 602 between 9:30-9:41 A.m.
on this date and later sgt. c. Buck-
hammer and Lt. T. March attempted
this same tactic in this facility's
watch office and when the appellant
refused sgt. c. Buckhammer began to
threaten the appellant in Lt. T. March's
presence by Stating "You want to go down
this road" in violation of secc 33803.1 Art. 22

Inmate/Parolee Signature: [signature]         Date Submitted: 1-23-20

**B. Continuation of CDCR 602, Section B only (Action requested):** 31140.5, 31140.11, 54100, et. seq.
against sgt. c. Buckhammer and Lt. T. March for
the stated acts; For these Incidents' to be Re-
ported as serious & allegations in Accordance
with D.O.M. sections' 31140.4.3, 31140.5, et. seq.; Art.
22 Employee Discipline, sections' 33030.5.3,
33030.5.1 by these officials' supervisors' and
Managers as Described in D.O.M. sec. 31140.b.1,
Art. 22 Employee Discipline, Sections' 33030.3.1,
33030.9(d) (t) et. seq. c.c.r. Title 15, Sections'
3413(a)(1),(2), (d)(4)(B), (2)(28); And for this Misconduct
to Not be covered up by cmc's Hiring Authority, etc.

Inmate/Parolee Signature: [signature]         Date Submitted: Jan. 22, 20

# CONFIDENTIAL

AGPRIV0102

# CONFIDENTIAL

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____   Date Submitted: _____

**E. Second Level - Staff Use Only**   Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review.

Assigned to: D. PHILLIPS   Title: AWCD   Date Assigned: FEB 0 4 2020   Date Due: MAR 0 9 2020

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 2/12/20   Interview Location: FAC- B Program Office

Your appeal issue is: ☐ Granted  ☑ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: Galicia   Title: CC   Signature: _____ Date completed: 2/20/20

Reviewer: _____ J. CASTELO, WARDEN (A)   Signature: _____

Date received by AC: MAR 0 6 2020

**CMC APPEALS OFFICE**

AC Use Only
Date mailed/delivered to appellant MAR 0 9 2020

**F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____   Date Submitted: _____

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant ___/___/___

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____   Inmate/Parolee Signature: _____   Date: _____
Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

# CONFIDENTIAL

AGPRIV0101

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

**D.  Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

**F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

AGPRIV0103

# CONFIDENTIAL

Template Date 4/4/2012                                                                   Attachment L 1

State of California                                              Department of Corrections and Rehabilitation

# Memorandum

**Date:** February 20, 2020

**To:** ███████████████

California Men's Colony (CMC)

**Subject:** **STAFF COMPLAINT RESPONSE - APPEAL NUMBER CMC-E-20-00339**
**SECOND LEVEL RESPONSE**

**APPEAL ISSUE:**
You allege on January 22, 2020, Lieutenant T. Marsh and Sergeant C. Burkhammer attempted to manipulate you by trying to have you withdraw your appeal. You allege that on the same day Sergeant C. Burkhammer threatened you in the presence of Lieutenant Marsh by stating, *"You want to go down this road?"* when you refused to withdraw your appeal.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE:**
A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as an Appeal Inquiry.

You were interviewed on February 12, 2020, by Lieutenant M. Galaviz and you reiterated your written allegations as written in your appeal. As you had no additional information the interview was concluded.

Your appeal is PARTIALLY GRANTED in that the <u>Appeal Inquiry</u> is complete. All issues have been reviewed and all issues were adequately addressed. You did not provide the names of any witnesses in your appeal or during interview.

The following information was reviewed as a result of your allegations of staff misconduct:
- Inmate/Parolee Appeal Form (CDCR 602) Log Number CMC-E-20-00339
- Inmate/Parolee Appeal Form (CDCR 602) Log Number CMC-E-20-00139
- California Code of Regulations (CCR), Title 15, Section 3084.1 - Right to Appeal
- CCR, Title 15, Section 3084.6 - Rejection, Cancellation, and Withdrawal Criteria
- CCR, Title 15, Section 3391 - Employee Conduct
- Interview of ████████████

# CONFIDENTIAL

AGPRIV0104

# CONFIDENTIAL

CMC Appeal Log Number CMC-E-20-00339                                      Attachment E-1
Second Level Response
Page 2 of 2

- Interview of Correctional Lieutenant T. Marsh
- Interview of Correctional Sergeant C. Burkhammer
- Review of the Strategic Offender Management System (SOMS) and the Electronic Records Management System (ERMS) digital files on ▮▮▮

Staff did not violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.  A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: _M. GALAVIZ_____ Sign: _____ Date: _2/26/2020_
Interviewer

Print: _J. GASTELO_____ Sign: _____ Date: _3-5-2020_
Reviewing Authority, Warden

# CONFIDENTIAL

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CONFIDENTIAL

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED 1-23-20 |
| RECEIVING STAFF'S PRINTED NAME CALASE. M. II. | RECEIVING STAFF'S SIGNATURE | DATE SIGNED 2/12/2020 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# CONFIDENTIAL

AGPRIV0106

# Exhibit 4

1  interrogatory.  See *In Re Convergent Technologies Securities Litigation*, 108 F.R.D.
2  328, 338-9 (N.D. Cal. Oct. 28, 1985) (treating contention interrogatories with
3  skepticism, and noting how other discovery device such as depositions, document
4  production requests, and other discovery tools give the requesting party a more
5  appropriate opportunity to probe the basis of the party's contentions).
6      Subject to and without waiving these objections, Defendant Mangayao
7  responds as follows:
8      To the best of his recollection, Defendant Mangayao recalls on October 21,
9  2019, at approximately 1212 hours, from the tower overlooking A yard, Defendant
10  Mangayao observed five inmates beating another individual inmate.  Responding
11  staff gave the order to the five inmates to "Get down."  The five suspect inmates ran
12  away before lying down in front of Building 1.  Two of the suspects were separated
13  by staff and told to sit on the tennis court.  The staff did not know those two
14  inmates were involved in the assault.
15  **INTERROGATORY NO. 13:**
16      Identify all witnesses that support your statement on the incident report
17  alleging Plaintiff Victor Ruiz was involve in the fight October 21, 2019.
18  **RESPONSE TO INTERROGATORY NO. 13:**
19      Defendant Mangayao objects to this interrogatory on the grounds that: (1) it
20  is vague and ambiguous as to the terms "support," "incident report," "statement,"
21  and "fight"; (2) it is vague and ambiguous in its entirety in that it refers to a
22  statement in an incident report but does not quote the alleged statement; (3) it seeks
23  information protected by attorney-client privilege and work product privilege; (4) it
24  lacks foundation in that it seeks information that is outside of Defendant
25  Mangayao's personal knowledge; and (5) it is a contention interrogatory.  See *In Re*
26  *Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-9 (N.D. Cal.
27  Oct. 28, 1985) (treating contention interrogatories with skepticism, and noting how
28  other discovery device such as depositions, document production requests, and

10

1 | other discovery tools give the requesting party a more appropriate opportunity to
2 | probe the basis of the party's contentions).
3 |     Subject to and without waiving these objections, Defendant Mangayao
4 | responds as follows:
5 |     Correctional Lieutenant C. Burkhammer and Correctional Lieutenant J. Curry.
6 | **INTERROGATORY NO. 14:**
7 |     Identify all witnesses specifically that staff you alleged seeing asking Plaintiff
8 | to move to the tennis court.
9 | **RESPONSE TO INTERROGATORY NO. 14:**
10 |     Defendant Mangayao objects to this interrogatory on the grounds that: (1) it
11 | is vague and ambiguous as to the term "asking to move"; (2) it is vague and
12 | ambiguous as to the terms in its entirety in that it appears to refer to an incident but
13 | does not do so with any specificity; (3) it lacks foundation in that is assumes
14 | unproven facts; (4) it seeks information protected by attorney-client privilege and
15 | work product privilege; and (5) it is a contention interrogatory.  See *In Re*
16 | *Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-9 (N.D. Cal.
17 | Oct. 28, 1985) (treating contention interrogatories with skepticism, and noting how
18 | other discovery device such as depositions, document production requests, and
19 | other discovery tools give the requesting party a more appropriate opportunity to
20 | probe the basis of the party's contentions).
21 |     Subject to and without waiving these objections, Defendant Mangayao
22 | responds as follows:
23 |     Defendant Mangayao does not know the identity of the staff members that
24 | moved Plaintiff to the tennis court.
25 | **INTERROGATORY NO. 15:**
26 |     State all facts why you did not inform the staff who were asking Plaintiff to
27 | move to the tennis court that Plaintiff was involve in the fight On October 21, 2019.
28 | /////

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant Mangayao objects to this interrogatory on the grounds that: (1) it is vague and ambiguous as to the terms "fight" and "asking Plaintiff to move"; (2) it lacks foundation in that is assumes unproven facts; (3) it is compound; (4) it seeks information protected by attorney-client privilege and work product privilege; and (5) it is a contention interrogatory.  See *In Re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-9 (N.D. Cal. Oct. 28, 1985) (treating contention interrogatories with skepticism, and noting how other discovery device such as depositions, document production requests, and other discovery tools give the requesting party a more appropriate opportunity to probe the basis of the party's contentions).

Subject to and without waiving these objections, Defendant Mangayao responds as follows:

To the best of his recollection, Defendant Mangayao recalls that he first advised over radio that two inmates who had been moved to the tennis courts were also involved in the assault.  Defendant Mangayao then spoke with Defendant Burkhammer.  This occurred within a few minutes of the assault.  At the time of the incident, Defendant Mangayao's main priority was to maintain surveillance from the tower as staff worked to secure the yard.

**INTERROGATORY NO. 16:**

State all facts why you waited over 30 minutes to inform only defendant Burkhammer Plaintiff Victor Ruiz was involve in the on fight on October 21, 2019.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant Mangayao objects to this interrogatory on the grounds that: (1) it lacks foundation in that is assumes unproven facts; (2) it is compound; (3) it seeks information protected by attorney-client privilege and work product privilege; and (4) it is a contention interrogatory.  See *In Re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-9 (N.D. Cal. Oct. 28, 1985) (treating contention

1 interrogatories with skepticism, and noting how other discovery device such as

2 depositions, document production requests, and other discovery tools give the

3 requesting party a more appropriate opportunity to probe the basis of the party's

4 contentions).

5       Subject to and without waiving these objections, Defendant Mangayao

6 responds as follows:

7       To the best of his recollection, Defendant Mangayao recalls that only a few

8 minutes passed before he advised that two inmates who had been moved to the

9 tennis courts were also involved in the assault.

10 **INTERROGATORY NO. 17:**

11       State all facts that support your statement on Inmate Birdsall investigated

12 employee report that you initiated code one response.

13 **RESPONSE TO INTERROGATORY NO. 17:**

14       Defendant Mangayao objects to this interrogatory on the grounds that: (1) it is

15 vague and ambiguous as to the terms "statement," and "investigated employee

16 report"; (2) it is vague and ambiguous in its entirety in that it refers to a statement in

17 a report but does not quote the alleged statement; (3) it lacks foundation in that is

18 assumes unproven facts; (4) it seeks information protected by attorney-client

19 privilege and work product privilege; and (5) it is a contention interrogatory. See *In*

20 *Re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-9 (N.D.

21 Cal. Oct. 28, 1985) (treating contention interrogatories with skepticism, and noting

22 how other discovery device such as depositions, document production requests, and

23 other discovery tools give the requesting party a more appropriate opportunity to

24 probe the basis of the party's contentions).

25       Subject to and without waiving these objections, Defendant Mangayao

26 responds as follows:

27       Defendant Mangayao did not initiate the code one response.

28 /////

# Exhibit 5



